## 116      PEOPLE v. DONALDSON.      [Sup. Ct.

[No. 20174. In Bank.—June 30, 1886.]

## THE PEOPLE, RESPONDENT, v. WINFIELD DONALDSON, APPELLANT.

CRIMINAL LAW — OBTAINING PROPERTY UNDER FALSE PRETENSES — INFORMATION. — An information for obtaining money under false pretenses is sufficient if it charges the offense substantially in the language of the Penal Code defining it.

ID. — BANK CHECK — FALSE TOKEN — WANT OF FUNDS TO MEET CHECK. — In a prosecution for obtaining property under false pretenses, a bank check drawn by the defendant in favor of the person alleged to have been defrauded, and in payment of the property obtained, is a false token within the meaning of section 1110 of the Penal Code, if the defendant knew when he gave the check that he had neither funds to meet it nor credit at the bank upon which it was drawn.

ID. — EVIDENCE — INSTRUCTION. — Where the evidence discloses that the property was obtained through the instrumentality of such a false token, the refusal to instruct the jury to acquit unless they found that the defendant told the owner of the property that he had the money in bank, and that the owner was induced to part with the property by reason of that representation, is not error.

ID. — DELIVERY OF PROPERTY — VESTING OF TITLE — QUESTION FOR JURY — CONFLICT OF EVIDENCE. — In such a case, the question whether or not the property was delivered and title thereto vested in the defendant before the giving of the check is for the jury, and its finding thereon will not be disturbed when the evidence is conflicting.

ID. — EVIDENCE FAVORABLE TO DEFENDANT. — A defendant cannot object to the introduction of evidence if its only effect was favorable to him.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The information charged the defendant with the offense of obtaining property under false pretenses, in that he did willfully, unlawfully, knowingly, and designedly obtain from one J. P. Spence certain hogs belonging to him and in his possession, by falsely pretending to Spence that he, the defendant, had in the Commercial and Savings Bank of San José the sum of $196.70, and did, with intent to cheat and defraud said Spence, make, execute, sign, and deliver to him a check upon that bank for such amount. The information further alleged that

Spence was induced to part with his property by reason of such representation, and that the defendant knew at the time that he had no money or credit in the bank, and had no reason to believe that the check would be honored or paid. The further facts are stated in the opinion.

*J. M. Lucas*, for Appellant.

*Attorney-General Marshall*, and *Howell C. Moore*, for Respondent.

FOOTE, C.—The defendant was found guilty by a jury of having obtained certain property from one Spence under false pretenses, with intent to cheat and defraud him.

From the judgment of conviction and an order refusing a new trial appeals are taken. His first contention is, that the information filed against him was insufficient, and that the court erred in overruling the demurrer filed thereto.

Upon examination, we are satisfied that the court was right in its ruling in that matter.

The information charged the offense in proper language sufficient to meet the requirements of sections 532, 950, 951, and 952 of the Penal Code. The charge of the learned judge, giving to it an unstrained interpretation, was, we think, in all respects in accordance with law, and was especially full and fair toward the defendant.

The refusal to give certain instructions asked by the defendant is assigned as error also. They were as follows:—

" Before you can convict, you must find as a fact in this case that before the sale and delivery of the hogs in question, the defendant represented to Mr. Spence that he had at that time in the Commercial and Savings Bank of San José the sum of $196.70, and that Mr. Spence relied solely on such representation in parting with said

hogs; in other words, that he would not have parted with said hogs or delivered them to the defendant unless the defendant had *told* him that he had such money in bank; and that that representation induced Mr. Spence to part with said hogs; if you do not so find, you must acquit the defendant."

"A bank check is not a false token within the statute."

It is very clear that if the court had given the first of these instructions, the jury would have been compelled to exclude from consideration all that was said or done in the transaction tending to prove the defendant's guilt, and would have been obliged to acquit him unless it had appeared that the defendant had said to Mr. Spence when he handed him the check, "I have the money that check calls for in the Commercial and Savings Bank of San José." Such a misleading instruction, utterly discarding all the evidence pertinent to the issue, was very properly refused.

A bank check may be a false token, and would be such under the statute, if the drawer knew when he gave it, payable to a person other than himself, that he had neither funds to meet it nor credit at the bank upon which he drew it. (Penal Code, sec. 532; *Commonwealth* v. *Drew*, 19 Pick. 186; *Rex* v. *Jackson*, 3 Coop. 370; Roscoe's Crim. Ev., 2d ed., 419.)

There was evidence given on the trial of the cause which tended to show that the defendant did not have the money to meet the alleged fraudulent check, or credit at the bank upon which he drew it which would warrant any belief on his part that it would be paid.

The court could not rightfully have taken such evidence from the jury, and therefore did not give the second instruction above referred to.

The bank check for $196.70 in writing, together with the other evidence in the cause, was sufficient under section 1110 of the Penal Code, which requires that "upon a trial for having, with an intent to cheat and defraud

another designedly by any false pretense, . . . . obtained from any person any money, personal property, or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token in writing," etc.

The defendant further complains that, according to the evidence in the case, he was not shown to have been guilty of any offense known to the law; for he claims that the things which he was charged to have obtained from one Spence by false pretenses were actually purchased by him from Spence, and title thereto vested in him, and a delivery had before the giving of his check. This was a question for the jury; they have determined it against the defendant, and we cannot say their verdict was wrong, the evidence being somewhat conflicting.

It is also objected to that the court allowed a certain check for the sum of $150 to be introduced in evidence.

Of that the defendant cannot be heard to complain, for the reason that its only effect, if any it had, was favorable to him, for the jury might have been led by that means to believe in his good faith in the original transaction, as at the time of the giving of the last check he was shown to have paid some cash to Mr. Spence on the first check (the giving of which was alleged to have been fraudulent), and to have given that for $150 in lieu of the balance due upon the first.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.