[No. 21150. In Bank.—March 9, 1895.]

## THE PEOPLE, RESPONDENT, *v.* JUAN MILLAN, APPELLANT.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—FORM OF VERDICT—CERTAINTY.—Where a defendant is charged with obtaining the sum of eight hundred and thirty-one dollars, lawful money of the United States, by certain false and fraudulent pretenses and representations set out in the information, a general verdict finding the defendant "guilty as charged in the information" is not substantially defective in not finding the amount of money obtained by him from the fraud practiced; but the verdict, when taken in connection with the information, becomes as certain as to the amount of money obtained as if the amount were expressly stated therein.

ID.—SUFFICIENCY OF INFORMATION—VALUE OF MONEY TAKEN.—An information charging the defendant with fraudulently obtaining a specified number of dollars in lawful money of the United States is not defective or demurrable in failing to allege a value to the money taken.

ID.—KNOWLEDGE OF FALSITY OF REPRESENTATIONS.—An information charging that the defendant, with intent to defraud the prosecuting witness of his property, "did unlawfully, knowingly, and designedly, falsely, and feloniously" make certain representations and pretenses, to the effect that two certain bars of metal which the defendant produced and turned over to the prosecuting witness were gold of the value of two thousand dollars, when in fact they were brass having no value in excess of five dollars, whereby the prosecuting witness was induced to loan to defendant the sum of eight hundred and thirty-one dollars, lawful money of the United States, on the pledge and security of said bars of metal, "which said sum of money was so secured and obtained by the defendant unlawfully, knowingly, and designedly to defraud" said prosecuting witness, taken as a whole, sufficiently charges the offense of obtaining money under false and fraudulent pretenses, to support a verdict and judgment, and, although demurrable in not containing a direct allegation as to knowledge upon the part of the defendant that the representations made by him were false, is not fatally defective in the absence of a demurrer upon that ground.

APPEAL from a judgment of the Superior Court of Ventura County.

The body of the information was as follows: "Juan Millan, the above-named defendant, is accused by the district attorney of said Ventura county by this information of the crime of felony, to wit, obtaining money by false representations, committed as follows: The said Juan Millan on the eleventh day of December, A. D. eighteen hundred and ninety, at the said county of Ventura, and before the filing of this information, with intent to defraud one Antonio Urtasun of said county, of his property, did unlawfully, knowingly, and designedly, falsely, and feloniously represent and pretend to him, the said Urtasun, that two certain bars or pieces of metal which he, the said Juan Millan, then and there had and produced to the said Urtasun, were both pure gold, and were of the value of one thousand dollars each and of the aggregate value of two thousand dollars, and the said Urtasun then and there believing said false pretenses and representations, and being deceived thereby, was induced by reason of such false pretenses and representations so made as aforesaid by the said Millan to loan and deliver, and did then and there deliver to said Millan, on the pledge and security of the said two bars or pieces of metal, the sum of eight hundred and thirty-one dollars in lawful money of the United States, which said money was so secured and obtained by the defendant, unlawfully, knowingly, and designedly to defraud said Urtasun, and which said bars or pieces of metal at the said time and place, when and where the same were pledged as aforesaid, were not gold, and had not any value beyond the value of so much brass, to wit, had not any value in excess of the sum of five dollars in lawful money of the United States, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California." Further facts are stated in the opinion of the court.

*Carroll Cook*, for Appellant.

Inasmuch as the verdict does not conform to section

1157 of the Penal Code it is a nullity. (Pen. Code, sec. 1157; *People* v. *Price*, 67 Cal. 350; *People* v. *Travers*, 77 Cal. 176; *People* v. *Travers*, 73 Cal. 580; *People* v. *O'Neil*, 78 Cal. 388; *People* v. *Curtis*, 76 Cal. 58.)   The information is fatally defective in failing to allege a value to the money alleged to have been obtained by the defendant.   (*People* v. *Whitely*, 64 Cal. 211; *People* v. *Townsley*, 39 Cal. 405; *People* v. *Leeshey*, 4 Pac. Coast L. J. 75; *People* v. *Righetti*, 66 Cal. 185; *People* v. *Cox*, 40 Cal. 277; *People* v. *Nelson*, 56 Cal. 78; *People* v. *Gray*, 66 Cal. 272; *People* v. *Ball*, 14 Cal. 100; *Smith* v. *State*, 33 Ind. 159; *Merwin* v. *People*, 26 Mich. 298; 12 Am. Rep. 314; *Lavarre* v. *State*, 1 Tex. App. 685; *State* v. *Goodrich*, 46 N. H. 186; *Lunn* v. *State*, 44 Tex. 85; *State* v. *Ladd*, 32 N. H. 110.)   The information is fatally defective in failing to contain an allegation that the defendant knew the pretenses to be false.   (*People* v. *Jordan*, 66 Cal. 13; 56 Am. Rep. 73; 2 Bishop's Criminal Law, sec. 163; *People* v. *Mitchell*, 92 Cal. 591; *People* v. *Smith*, 103 Cal. 563; *Regina* v. *Henderson*, Car. & M. 328; *State* v. *Blauvelt*, 38 N. J. L. 306.)   The alleged false representations were sufficient to maintain an indictment.   (*Commonwealth* v. *Haughey*, 3 Met. (Ky.) 233; *State* v. *Magee*, 11 Ind. 154; *Leobold* v. *State*, 33 Ind. 484; *Commonwealth* v. *Norton*, 11 Allen, 266; *People* v. *Williams*, 4 Hill, 1.)   The information fails to allege ownership in anybody of the money alleged to have been obtained by defendant, and is therefore fatally defective.   (*Rex* v. *Martin*, 8 Ad. & E., 481; Wharton's Criminal Law, 8th. ed, sec. 1223; 2 Bishop's Criminal Procedure, secs. 173, 174; *Leobold* v. *State*, *supra*; *Commonwealth* v. *Morse*, 14 Mass. 217; *Commonwealth* v. *Manly*, 12 Pick., 173; Wharton's Criminal Law, 8th ed., sec. 949; 1 Wharton's Precedents of Indictments and Pleas, 4th ed., pp. 20, 21; *Regina* v. *Parker*, 3 Ad. & E. 292; *Regina* v. *Norton*, 8 Car. & P. 196; *Sill* v. *Queen*, Dearsly's Crown Cases, 132; *State* v. *Lathrop*, 15 Vt. 279.

*Attorney General W. H. H. Hart*, and *District Attorney Thomas O. Toland*, for Respondent.

THE COURT.—The appellant was charged with defrauding another of money by reason of certain false and fraudulent pretenses and representations, and upon being convicted has appealed to this court upon the judgment-roll alone. Among other things the information charged that the prosecuting witness was induced to loan the defendant, Millan, eight hundred and thirty-one dollars, lawful money of the United States, upon the representations that two certain bars of metal, which the defendant produced and turned over to the prosecuting witness as security for the loan, were gold, when in fact they were but brass.

1. The jury rendered a verdict in the following form: " We, the jury, find the defendant guilty as charged in the information." It is now claimed that the verdict is substantially defective in not finding the amount of money obtained by defendant from the fraud practiced. There is nothing in the point. The defendant is charged with obtaining eight hundred and thirty-one dollars, lawful money of the United States, and he was convicted of the " offense charged." The verdict, when taken in connection with the information, becomes as certain as to the amount of money obtained as if the amount were stated in the verdict in express terms. There is no question of degree involved in the offense of which the defendant was charged and upon trial.

2. It is claimed that the information is defective in failing to allege a value to the money taken, but it is not demurrable in this regard. The provisions of section 967 of the Penal Code are broad enough to include the offense here charged, and the allegation is directly in line with the provisions of that section. Neither do we think the information fatally defective in not containing a direct allegation as to the lack of knowledge upon the part of the defendant that the representations made by him were known to be false. The information was demurrable upon this ground, but no demurrer was interposed; and, taken as a whole, we

think it sufficiently charges the offense to support a verdict and judgment.

3. The remaining points of importance which are urged by appellant are opposed to the views of this court as declared in *People* v. *Jordan,* 66 Cal. 10, that case in principle being quite similar to the case at bar.

For the foregoing reasons the judgment is affirmed.

BEATTY, C. J., did not participate in the foregoing decision.