[Crim. No. 1079. In Bank.—June 17, 1904.]

THE PEOPLE, Respondent, v. SEVARIANO GONZALES, Appellant.

CRIMINAL LAW—SUPPORT OF VERDICT—REFUSAL OF NEW TRIAL.—Where there was legal evidence to prove all the facts constituting the crime alleged, the verdict of the jury and the discretion of the court in refusing a new trial will not be interfered with upon appeal.

ID.—NEWLY DISCOVERED EVIDENCE—DISTRUST OF APPLICATION—CHANGE OF RESULT—LACK OF DILIGENCE.—Application for a new trial on the ground of newly discovered evidence, in criminal cases, are regarded with distrust and disfavor; and where it cannot be said that a new trial would change the result or that the application was not properly denied because of the lack of diligence in endeavoring to procure the witnesses in time for the trial, the action of the court in denying the application will not be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County and from order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

William T. Blakely, and R. F. Del Valle, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

SHAW, J.—The defendant was convicted of the crime of murder in the first degree, and sentenced to imprisonment for life. He appeals from the judgment and from an order denying his motion for a new trial. In support of his appeal the defendant's counsel urge that the verdict is contrary to the evidence, and that a new trial should have been granted because of newly discovered evidence.

This court cannot interfere with the verdict of a jury, nor with the action of the court below in refusing a new trial, on the ground that the evidence is insufficient to justify the verdict, unless there was such a lack of evidence as to satisfy us that the court below abused its discretion in denying the new trial. A careful reading of the record shows that there was legal evidence to prove all the facts constituting the crime al-

leged. "The decision of a jury upon legal evidence, in so far as this tribunal is concerned, is absolutely final." (*People* v. *Maroney,* 109 Cal. 279; *People* v. *Hotz,* 73 Cal. 242.) We cannot say that the new trial upon that ground was not properly refused, or that the verdict was not sustained by sufficient evidence.

Applications for new trial upon the ground of newly discovered evidence are regarded with distrust and disfavor. (*People* v. *Howard,* 74 Cal. 547; *People* v. *Sutton,* 73 Cal. 243; *People* v. *Freeman,* 92 Cal. 359.) The homicide in question took place in the city of Los Angeles early in the morning of August 31st. The witnesses for the prosecution testified that it was at about 1:15 or 1:20 in the morning, but it does not appear that they had any occasion to note particularly the hour. The newly discovered evidence consisted of the proposed testimony of three witnesses tending to prove that at the exact time when the witnesses for the prosecution say the offense was committed the defendant was at a saloon some four or five blocks from the scene of the homicide. The length of the blocks is not stated. One of the proposed new witnesses testified that he looked at his watch at 1:30 A. M., when the defendant was present at the saloon in question. A difference of half an hour, or even less, in the estimates of the respective witnesses as to the time of the night would sufficiently explain the apparent inconsistency. It does not appear that the witnesses for the prosecution had any means of ascertaining the exact time. We cannot say that a new trial would change the result, nor that upon the showing made the court below was bound to grant the new trial, conceding that sufficient diligence had been shown in the endeavor to procure the testimony at the trial. The homicide took place on August 31st, and the trial upon the 5th of the following December. Upon the question of diligence the affidavits show that the defendant had been at a dance in the saloon for several hours previous to the time of the killing, and had been drinking there with some half a dozen companions, who knew him well enough to call him frequently by his full name. It also appeared that the two proposed witnesses whose affidavits are produced were officers of the law, attending the dance for the purpose of preserving order. The defendant in his affidavit says that there were numerous persons at the dance, and that their

names and addresses were unknown to him, and that on account of being confined in jail he was unable to procure any of said persons at the trial. He makes no attempt to explain how it was that he did not know the names of any of his companions who knew him so well as to frequently call him by his full name, nor is there any satisfactory explanation of the cause of the failure to ascertain the testimony of the officers present at the dance, who must have been known to those in charge of the saloon, of whom inquiry was made. The saloon-keeper, in answer to inquiries, stated that those present in the saloon were composed principally of Mexicans employed as laborers and tracklayers by the various railway companies. No inquiry appears to have been made among the railway employees to ascertain who were present at the dance. Under these circumstances we cannot say that the new trial was not properly denied because of the lack of diligence in endeavoring to procure the witnesses in time for the trial.

The judgment and order are affirmed.

Angellotti, J., Van Dyke, J., Henshaw, J., McFarland, J., and Lorigan, J., concurred.