[Crim. No. 52. Second Appellate District.—February 27, 1907.]

THE PEOPLE, Respondent, v. JOSEPH HINES, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—SUFFICIENCY OF INFORMATION.—An information for obtaining money under false pretenses from a person alleged to be its owner, with intent to cheat and defraud him, and with original intent to cheat and defraud another person named, is not defective, because it does not appear that he accomplished his purpose as to such other person, nor because it does not allege the purpose for which the owner paid the money to the defendant. It is sufficient that the information contains every allegation necessary to charge the defendant with the commission of the offense against the owner of the money.

ID.—FALSE PRETENSE OF OWNERSHIP OF RESTAURANT.—Where, to obtain the money, the defendant falsely represented that he owned a restaurant, and the personal property therein, which he did not own, it is immaterial what other person owned it.

ID.—PURPOSE AND MODE OF DEFRAUDING OWNER—QUESTION FOR PROOF.—
   The question as to how the false pretense was calculated to defraud
   the owner of the money, whether by a loan of money or by a pur-
   ported sale, was a matter to be shown by the evidence.

ID.—POSSESSION OF RESTAURANT BY DEFENDANT—VALUE IMMATERIAL.—
   When the defendant was in charge of the restaurant when the false
   pretense was made, the court properly excluded evidence of its value
   as being immaterial, the only important question of value being that
   of the money obtained by the false pretense of ownership.

ID.—CONFLICT OF EVIDENCE—SUPPORT OF VERDICT.—Where the evidence
   is conflicting as to whether the defendant was the owner of the restau-
   rant,. and as to whether he was authorized by the owner to sell
   it, the appellate court will not disturb the verdict of the jury against
   the defendant or the ruling of the court in denying his motion for a
   new trial.

ID.—FORM OF VERDICT—SURPLUSAGE—USE OF SYNONYMOUS TERMS—
   FORM NOT PREJUDICIAL.—A general verdict finding ''the defendant
   guilty as charged'' is sufficient, and the words appended thereto,
   ''and that the property obtained was of the amount of $200,'' might
   be eliminated as surplusage; yet, where the offense charged was the
   obtaining of $200 lawful money of the United States, the word
   ''amount,'' used with reference thereto, is synonymous with
   ''value''; and the form of the verdict shows no substantial error
   prejudicial to the rights of the defendants.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial. B.
N. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Appellant.

U. S. Webb, Attorney General, and E. E. Selph, Deputy
Attorney General, for Respondent.

SHAW, J.—The defendant was tried and convicted on an
information which charged him with the crime of obtaining
money by false pretenses.

Defendant interposed a demurrer to the information, which
was overruled and exception duly taken to such ruling.

The objection that the name of Fred Rickert was included
in the information as one of the persons whom defendant in-
tended to cheat and defraud is fully answered by section
956 of the Penal Code. He is not charged with defrauding

Rickert, but merely that originally he intended to cheat and defraud him; and while it does not appear that he accomplished his purpose as to Rickert, his failure so to do does not affect the charge so far as Carter was concerned.

The information does not allege the purpose for which Carter paid the money to defendant, but this was unnecessary. It does sufficiently appear that he obtained the $200 then and there belonging to Carter, and whether it was by a loan upon credit established by the false pretenses, or by a purported sale, is immaterial. As to how the false pretense was calculated to defraud Carter was a matter to be shown in evidence. (*Brown* v. *State* (Tex. Cr. Rep.), [22 S. W. 22] ; *Thomas* v. *People*, 34 N. Y. 351.)

The information shows that Carter was the owner of the money alleged to have been obtained by defendant, and since defendant did not own the restaurant and personal property represented to be owned by him, it is therefore immaterial who owned it.

Counsel for defendant calls our attention to the cases of *People* v. *Mahoney*, 145 Cal. 104, [78 Pac. 354], and *People* v. *McKenna*, 81 Cal. 158, [22 Pac. 488], in support of his objection to the sufficiency of the information. But measured by the rules therein laid down, it is amply sufficient. It contains every essential allegation necessary to charge defendant with the commission of the offense and is calculated to fully acquaint him with the nature of the charge. (*People* v. *Millan*, 106 Cal. 320, [39 Pac. 605] ; *People* v. *Cadot*, 138 Cal. 527, [71 Pac. 649].)

Defendant offered certain instructions, all except one of which, after modification, were given. The changes made therein were proper; indeed, counsel points out no error therein, merely contenting himself with the bare statement that the refusal to give them as requested constituted error.

It was sought to prove the value of the property in the restaurant at the time the defendant took charge of it, some eight or ten months prior to the commission of this offense, and upon objection the evidence directed to that point was by the court ruled out, and it is claimed that this ruling constituted error. The value of the property in the restaurant was not in issue, and it was immaterial what its value was at that time. The only important question as to value was the

value of that which defendant obtained by means of the acts alleged in the information.

It is urged that the evidence shows that defendant was the owner of the property, and, if not, that it shows that he was authorized by the owner thereof to sell it. The testimony upon these questions is conflicting, and, under the well-settled rule, this court will not disturb the verdict of the jury or the ruling of the court in denying the motion for a new trial. (*People* v. *Gonzales,* 143 Cal. 605, [77 Pac. 448]; *People* v. *Maroney,* 109 Cal. 279, [41 Pac. 1097].)

The verdict rendered by the jury was in the following form: "We the jury in the above-entitled action find the defendant guilty as charged, and that the property obtained was of the amount of $200." A general verdict finding him guilty as charged would have been sufficient. (*People* v. *Millan,* 106 Cal. 320, [39 Pac. 605]; *People* v. *Tilley,* 135 Cal. 65, [67 Pac. 42].) The words, "and the property obtained was of the amount of $200," might be eliminated as surplusage. He was found guilty as charged, and he was charged in the information with obtaining $200 lawful money of the United States. We think, too, that where the word "amount" is used with reference to money it is synonymous with the word "value." Indeed, the value of any property is its equivalent amount in lawful money; it is the measure of all value. (*Bartley* v. *State,* 53 Neb. 310, [73 N. W. 744].) At all events, it does not constitute any substantial error prejudicial to the rights of the defendant. (Pen. Code, sec. 960.)

The record discloses no prejudicial error, and the judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.