[Crim. No. 402.  Second Appellate District.—July 29, 1915.]

THE PEOPLE, Respondent, v. OSCAR HAAS, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—PLEADING.—
An indictment or information charging the crime of obtaining
money or property by false representations and pretenses must show
the facts as to what the pretenses were, that there was an intent to
defraud, the name of the person defrauded, with a description of
the property, and a statement of its value, together with an alle-
gation that the false and fraudulent pretenses charged were relied
upon by the party who claims to have been defrauded, and that he
was induced thereby to part with his property; and where the alle-
gations are full as to said essentials, it is unnecessary to expressly
allege that the purpose for which the money or property was de-
livered was that contemplated by the offender, at least when the
statement of the pretenses in themselves show precisely what that
purpose was.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Dep-
uty Attorney-General, for Respondent.

JAMES, J.—Defendant was charged with having obtained
the sum of two thousand two hundred dollars of the money
of Pearl P. Flynn and her husband, Thomas E. Flynn, by
means of false and fraudulent representations and pretenses.
A conviction resulted, and from the judgment entered upon
the verdict of the jury an appeal has been taken.

But one point is presented for consideration: It is claimed
that the information was insufficient to charge a public offense
in that it failed to show causal connection between the rep-
resentations alleged to have been made and the parting with
the money by the complainants.  The information set out
that the defendant, with intent to cheat and defraud, de-
signedly and feloniously represented to the complainants that
he possessed supernatural powers by and through which he

was able to communicate with the dead and to receive messages from the dead; that he pretended to go into a condition called a "trance" and that while in such condition he represented and pretended to receive a message from the dead mother of complainant Pearl P. Flynn by which message such mother of the said Flynn advised and directed Pearl P. Flynn to sell and dispose of all the property then owned and possessed by her and her husband and to invest the proceeds thereof with the defendant in accordance with his directions, and further, that by such spirit message the said Pearl P. Flynn was advised and directed to invest the proceeds of the sale of the property of herself and husband in property of the defendant, located at Banning, in the state of California; that the said defendant further represented that said property consisted of a number of lots, that the lots were level, with the exception of two small knolls thereon situated, and that the lands composing the same were fertile, subirrigated and would grow and produce crops and trees without irrigation; that all of the representations and pretenses so alleged were false and untrue to the knowledge of the defendant, and were made by him with the intent to cheat, deceive, and defraud complainants out of their money and property. That believing the said representations and pretenses to be true and relying upon the same, the complainant Pearl P. Flynn was induced to and did sell and dispose of the property owned by herself and husband and did pay over to the defendant the proceeds thereof, amounting to the sum of two thousand two hundred dollars. It is now claimed this information was insufficient because it failed to allege that the money was paid over as the purchase price of the real property alleged to have been owned by the defendant. In other words, that it was necessary to set out in the information specifically the purpose for which the money of the complainants was delivered to the defendant. The case of *People* v. *Kahler*, 26 Cal. App. 449, [147 Pac. 228], is relied upon in support of the argument to this point, and it is suggested that this decision is in conflict with an earlier case decided in this court, being the case of *People* v. *Hines*, 5 Cal. App. 122, [89 Pac. 858]. The latter case was one which arose out of a charge for obtaining money by false pretenses and the opinion contains the following statement: "The information does not

allege the purpose for which Carter paid the money to the defendant but this was unnecessary.'' In the Kahler case it was remarked that the purpose for which the money was paid to the defendant by the complainant was not disclosed, and the court said: ''Conceding the representations made by defendant to have been false, there is no causal connection between the payment of the money and the representation.'' A further examination of that opinion, however, will disclose no conflict between the view of the law as there expressed and that declared in the case of *People* v. *Hines* above cited. It was pointed out in the Kahler case that the inducement which influenced the complainant to part with his money may have been one of the promises which the defendant there made to do something in the future, which promise would not constitute such a false and fraudulent representation of an existing fact as would support a criminal charge. It may be admitted that in pleading a charge like that here under consideration, it is not sufficient, as is the case with most statutory crimes, to allege generally in the language of the statute, that the money or goods of the complainant was obtained by false and fraudulent representations and pretenses. It is said that fraud is an inference of law from certain facts; that the indictment must aver all the facts which constitute the fraud. (*People* v. *McKenna*, 81 Cal. 158, [22 Pac. 488].) An indictment or information charging the crime of obtaining money or property by false representations and pretenses, must show the facts as to what the pretenses were; that there was an intent to defraud, the name of the person defrauded, with a description of the property and a statement of its value, together with an allegation that the false and fraudulent pretenses charged were relied upon by the party who claims to have been defrauded, and that he was induced thereby to part with his property. In this case all of these necessary averments were present. If it is true that the complainant or complainants parted with her or their money by reason of the inducements engendered by the false representations and pretenses, then it must be assumed necessarily that it was intended that the money should be applied to the uses suggested by the terms of the alleged messages which defendant claimed to have received from the spirit world. And so it would seem that where the allegations are full, as

are those here considered, as to the above stated essentials in a charge of false pretenses, it is unnecessary to expressly allege that the purpose for which the money or property was delivered was that contemplated by the offender, at least when the statement of the pretenses in themselves shows precisely what that purpose was. In the case of *People* v. *Donaldson*, 70 Cal. 116, [11 Pac. 681], referred to in the case of *People* v. *McKenna*, 81 Cal. 158, [22 Pac. 488], the information there held sufficient was not fuller in its statement of the purpose for which the property was delivered than that contained in the information filed in this case. (See, also, 1 McClain on Criminal Law, sec. 698 et seq.)

No other matters are urged as showing that the conviction of appellant was improperly had.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1915.