[Crim. No. 415.   Second Appellate District.—November 15, 1915.]

THE PEOPLE, Appellant, v. LEONARD C. CANFIELD, Respondent.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—INSUFFICIENT INDICTMENT—CONNECTION NOT SHOWN.—An indictment for obtaining money by false pretenses which charges the defendant with falsely representing himself to be the owner of a promissory note secured by mortgage, and that by reason of such false representations and relying thereupon, the persons to whom such representations were made were thereby induced to pay their money to the defendant, is insufficient, as it fails to disclose any natural or causal connection between the alleged false representations and the delivery of the money.

ID.—INDICTMENT—ESSENTIAL AVERMENTS.—An indictment or information must set forth all the facts and circumstances necessary to constitute the crime sought to be charged; and, in the absence of such allegations, or statements from which such facts may be fairly deduced, the court cannot indulge in the presumption that acts were committed which constitute a crime.

ID.—CONNECTION BETWEEN PRETENSE AND DELIVERY OF PROPERTY—PLEADING.—An indictment for obtaining money by false pretenses must show that the property was obtained by means of the false pretense alleged; accordingly, when there appears to be no natural connection between the pretense and the delivery of the property, such additional facts as are necessary to show the relation must be alleged.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Appellant.

Paul W. Schenck, for Respondent.

SHAW, J.—Defendant was indicted for obtaining money by false pretenses. His demurrer, interposed upon both general and special grounds, was sustained, and from the judgment following such ruling the people appeal.

The indictment is quite lengthy, the substance thereof being that defendant, with intent to defraud Caroline Schertz, Flora B. Schertz, Ernest H. Lockwood, and Title Insurance and Trust Company, a corporation, out of their, and each of their, money, represented that he was Helmer E. Rabild, the owner and legal holder of a certain promissory note of the face value of ten thousand dollars, made by one Justin E. Cook to him, said Helmer E. Rabild, payment of which was secured by a mortgage duly executed by said Cook upon certain real estate in Los Angeles County, which real estate it was represented had been conveyed to one Earl M. McLaughlin, and that seven thousand dollars had been paid upon the principal of said note, and three hundred and fifty dollars paid on account of interest accrued thereon; all of which representations so made to said persons, it is alleged, were at the time made, false and known by defendant to be false and untrue; "that by reason of the aforesaid false and fraudulent representations and pretenses, so made as aforesaid by the said Leonard C. Canfield to the said Caroline Schertz, Flora B. Schertz, Ernest H. Lockwood, and the Title Insurance and Trust Company, a body corporate, the said Caroline Schertz, Flora B. Schertz, Ernest H. Lockwood, and the Title Insurance and Trust Company, a body corporate, relying upon the said false representations and pretenses, and believing same, were thereby induced to, and on the third day of September, 1914, did, at and in the county of Los Angeles, aforesaid, pay over and deliver to the said defendant, Leonard C. Canfield, $2,739.20, lawful money of the United States, of the moneys and personal property of them, the said Caroline Schertz, Flora B. Schertz, Ernest H. Lockwood, and the Title Insurance and Trust Company, a body corporate, and they were and each of them was thereby then

and there defrauded out of said sum of $2,739.20, of the personal property" of said persons.

In addition to the general demurrer, it was also alleged that the indictment did not conform to the requirements of sections 950, 951 and 952 of the Penal Code, and that it was not direct and certain in that it could not "be determined what, if any, causal connection there is or was between the alleged false representation and the parting with money by any one, if any was parted with." It appears the trial court deemed the indictment obnoxious to the ground last stated. In thus sustaining the demurrer the court followed the case of *People* v. *Kahler,* 26 Cal. App. 449, [147 Pac. 228], wherein this court, in discussing a like objection urged against an information, said: "It is merely alleged that defendant, knowing the same to be untrue, falsely represented to Richard J. Cogan that he had contracts for furnishing orchestras to certain cafes and theaters; that Cogan believing the representations to be true and relying thereon, paid and delivered to defendant the sum of $75. For what purpose is not disclosed. Conceding the representation made by defendant to have been false, there is no causal connection between the payment of the money and the representation. . . . We are unable to perceive any connection between the alleged false representation and the paying or giving to defendant the $75; nor how, in the absence of further allegations, such representations should have induced, or were calculated to induce, Cogan to pay defendant $75 in money." We deem the language there used likewise applicable here. For aught that appears to the contrary, defendant retained and still holds the note. Then for what purpose was the money paid over and delivered to him? It is left entirely to conjecture. In the absence of any allegation to that effect, we cannot assume the prosecuting witnesses were, by reason of the false representations, induced to pay their money to defendant in consideration of a transfer by him to them of this promissory note and mortgage. Conceding the representations were, as believed, all true, why should they induce these persons to give their money to Rabild? That they delivered the money to him relying upon the representation that he was Rabild, is as inconceivable as that they should have paid it to him because of a false representation that he was Dr. Cook and had been to the North Pole. "The indictment must show

that the property was obtained by means of the false pretense alleged. Accordingly when there appears to be no natural connection between the pretense and the delivery of the property, such additional facts as are necessary to show the relation must be alleged." (19 Cyc. 429; *People* v. *White,* 7 Cal. App. 99, [93 Pac. 683].) In the absence of an allegation showing that the prosecutors were induced to purchase the note and mortgage or lend money thereon, there appears to be no natural connection between the false representations and the delivery of the property to defendant. While such facts should be directly pleaded, nevertheless there may be averments from which the connection between the pretense and the obtaining of the property can be inferred, as in the case of *People* v. *Donaldson,* 70 Cal. 116, [11 Pac. 681], where the defendant was charged with false pretenses in obtaining from one Spence certain hogs by falsely pretending to Spence that he, the defendant, had in bank a certain sum of money for which he delivered to Spence his check. So, in the case of *People* v. *Haas,* 28 Cal. App. 182, [151 Pac. 672], recently decided by this court, and wherein the court, through Mr. Justice James, distinguished the facts therein from those in the Kahler case. An examination of the information upon which Haas was prosecuted exhibits facts from which the court was fairly justified in inferring that the money of the prosecuting witness was, by reason of the false pretenses, paid over to defendant, in consideration of a transfer to her of certain property alleged to be owned by Haas. In the case of *People* v. *Hines,* 5 Cal. App. 122, [89 Pac. 858], cited by appellant, the information, by indirect allegations, disclosed the money of the prosecuting witness was paid over to defendant in consideration of a conveyance of property which he represented he owned. It is a well-settled rule that an indictment or information must set forth all the facts and circumstances necessary to constitute the crime sought to be charged. In the absence of such allegations, or statements from which such facts may be fairly deduced, the court cannot indulge in the presumption that acts were committed which constitute a crime. The prosecuting witnesses herein may by reason of such representations have been induced to pay the money over to defendant as a contribution to some charitable object, in which case we do not mean to say it would not constitute the offense charged.

Section 952, Penal Code, requires a statement of the particular circumstances of the offense when they are necessary to constitute a complete offense. Measured by this provision the indictment is insufficient, since it fails to disclose any natural or causal connection between the false representations alleged and the delivery of the property to defendant.

The judgment and order from which the appeal is prosecuted are affirmed.

Conrey, P. J., and James, J., concurred.