[Crim. No. 938. First Appellate District, Division One.—October 22, 1920.]

THE PEOPLE, Respondent, v. AMON J. HASKINS, Appellant.

[1] CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES— SUFFICIENCY OF INFORMATION.—In a prosecution for obtaining money under false pretenses, an information alleging that the defendant and another falsely pretended and represented to the complaining witness that they had positions of employment for a number of men at a given daily wage and that for a specified sum of money paid to them they would give the complaining witness one of them, whereas in truth and in fact they did not have any positions or any immediate employment for any men, which facts they well knew, and that believing and relying upon such representations the complaining witness paid them the specified sum of money for one of the purported positions, states facts constituting a public offense.

[2] ID.—PRETENDING TO GIVE EMPLOYMENT—FRAUDULENT OBTAINING OF MONEY—INTENTION OF VICTIM IN PARTING WITH MONEY.— The defendant and his associate, by pretending to give the complaining witness employment, and by reason of such pretense, fraudulently obtaining his money, were guilty of obtaining that property by false pretenses; and the intention with which such complaining witness parted with his money is immaterial.

[3] ID.—OBTAINING MONEY BY MEANS OF FALSE REPRESENTATION— EVIDENCE—FINDING OF JURY.—In such prosecution for obtaining money under false pretenses, the jury having been convinced that the representations made by the defendant and his associate did in fact induce the complaining witness to part with his money, and the representations having been shown to have been false and fraudulent, and made knowingly and designedly, the jury had the right to find that the complaining witness was defrauded of his money by the defendant by means of such representation.

[4] ID.—SUFFICIENCY OF EVIDENCE AND CORROBORATION.—In this prosecution for obtaining money under false pretenses, the testimony of the complaining witness directly connecting the defendant with the transaction, and the other corroborating circumstances related together, sufficiently met the requirement of section 1110 of the Penal Code that such a charge must be proven by the testimony of "one witness and corroborating circumstances."

[5] ID.—JOINT ENTERPRISE—WRITINGS BY THIRD PARTY—NEWSPAPER ADVERTISEMENT—EVIDENCE.—In a prosecution for obtaining money under false pretenses, it is not error to admit in evidence the

newspaper advertisement by which the complaining witness was led into the transaction and the correspondence between the complaining witness and a third person as a result of his having answered such advertisement, although the defendant is not mentioned in either, where the defendant and such third person were associates in a joint enterprise, were equally interested in its fraudulent schemes, and together participated in furthering its plans.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

James H. Boyer and Frank J. Golden for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant and Grant Todd were charged with obtaining money under false pretenses. The defendant Haskins' demurrer to the information was overruled. He was convicted and sentenced to imprisonment in the state prison. Motions for a new trial and in arrest of judgment were denied, and this appeal is from the judgment and from the order denying said motions.

[1] It is first urged that the facts stated in the information do not constitute a public offense. It is alleged that the defendants devised and intended by unlawful ways and means, and by false and fraudulent pretenses and representations to obtain money of the complaining witness, M. E. Hart. To that end they pretended and represented to Hart that they "had positions of employment and immediate employment for a number of men at a salary of six and forty one-hundredths ($6.40) dollars per day and that for the sum of one hundred dollars paid to them by the said M. E. Hart they the said Grant Todd and Amon J. Haskins would then and there give to said M. E. Hart one of said positions, whereas, in truth and in fact the said Grant Todd and Amon J. Haskins did not then and there have positions and immediate employment for a number of men or any positions or any immediate employment for a number of men or for any man or

49 Cal. App.—41

at all, for a salary of six dollars and forty cents per day or at any salary per day or at all as they the said Grant Todd and Amon J. Haskins then and there well knew.'' Believing and relying upon these representations, Hart paid Todd and Haskins the sum of one hundred dollars for one of the purported positions. The pretenses and representations were in all respects false and untrue.

Because the information nowhere alleges that the defendants did not give the complaining witness, Hart, a position, or immediate employment, appellant contends that it fails to state a cause of action. He relies upon the rule that it is essential that more than the conclusion that the representations were false and fraudulent be alleged, it being necessary to set out the facts upon which it may be determined whether or not the conclusion that there was a fraudulent and false representation is correct. He cites a number of instances in which the rule has been invoked. (*People* v. *Carpenter,* 6 Cal. App. 231, 233, [91 Pac. 809]; *People* v. *Mahony,* 145 Cal. 106, [78 Pac. 354]; *Ex parte Gillett,* 47 Cal. App. 107, [190 Pac. 209–211]; *People* v. *Haas,* 28 Cal. App. 184, [151 Pac. 672]; *People* v. *McKenna,* 81 Cal. 158, [22 Pac. 488]; *People* v. *Bliss,* 47 Cal. App. 503, [190 Pac. 1046].) The facts there passed upon differentiate those decisions from the case at bar. For instance, in *People* v. *Bliss,* the court held that the representations alleged to have been false, were representations totally disconnected with the purpose for which Lansdale parted with his money. To the like effect is *People* v. *Kahler,* 26 Cal. App. 449, [147 Pac. 228], in which the information did not disclose the purpose for which the money was paid to the makers of the alleged false and fraudulent representations. But in the case at bar the allegation is that the complaining witness, being induced by the false and fraudulent representations, and relying thereon, delivered to Todd and Haskins the sum of one hundred dollars, ''for one of said purported and pretended positions and immediate employment,'' which the defendants did not, and which they knew they did not, have the power to give.

[2] By falsely pretending to be in a position to give Hart employment, and by reason of such pretense, fraudulently obtaining his money, they were guilty of obtaining

that property by false pretenses. (*People* v. *Bryant,* 119 Cal. 595, 597, [51 Pac. 960].) The intention with which Hart parted with his money was immaterial. (*People* v. *Martin,* 102 Cal. 558, 563, [36 Pac. 952]; *People* v. *Cummings,* 123 Cal. 269, 272, [55 Pac. 898].)

Appellant urges the insufficiency of the evidence to support the conviction. It appears that the complaining witness saw an advertisement in the "San Francisco Examiner" reading as follows: "Wanted, handy man for machine shop; good wages. $100 req. Box 87158, Examiner." He answered, in writing, addressed as directed, and received a reply signed by Todd, directing him to call at his earliest convenience. He did so and was taken by Todd directly to defendant Haskins. He was told by Todd and by Haskins that they had immediate employment for men, at six dollars and forty cents per day, and would employ him, but that in order to obtain this work he would have to give one hundred dollars for the purpose of investing in a boat-building corporation the defendants intended to incorporate. Hart paid one hundred dollars to the defendants and received a certain document in writing, indicating an investment of one hundred dollars in the stock of the corporation, The International Aero-Marine Locomotion Company, which had not and which has never been organized. The writing was signed by the defendant Haskins. Hart was told to report at a designated place, which he did, but not finding anyone to direct him to any work, remained there for some time, when the brother of the defendant Haskins appeared and told him to go to another place, where he found a number of men engaged in tearing down some buildings. He was assigned to this work, and after working some hours was told by the defendant Haskins that "that is all that is necessary; when we want you again we will send for you." Hart ceased work, was not sent for again, and received nothing for the work he did. There is other testimony indicating that the purported engagement of Hart was part of a scheme to fraudulently obtain possession of his one hundred dollars.

[3] Whether the representations made by Haskins and Todd did in fact induce Hart to part with his money was an element of the charge to be established by the people.

When the jury was convinced that he was so induced, and the representation was shown to have been false and fraudulent, and made by Haskins and Todd knowingly and designedly, the jury had the right to find that Hart was defrauded of his money by the defendant by means of such representations. (*People* v. *Bryant, supra.*)

[4] Appellant argues that there was no corroboration of the evidence tending to connect him with the fraudulent scheme. In this he is mistaken. The testimony of "one witness and corroborating circumstances" is sufficient in cases of this nature. (Pen. Code, sec. 1110.) The testimony of the complaining witness directly connected the defendant with the transaction. The entire conduct of the defendant as testified to by H. D. Haskins, a witness for the defense, the receipt for the one hundred dollars signed by the defendant, the advertisement in the newspaper,—all these matters were corroborating circumstances when related together, sufficient, in our opinion, to meet the requirement of the statute. (*People* v. *Martin,* 102 Cal. 558, 564, [36 Pac. 952].)

[5] It was not error to admit in evidence the advertisement in the newspaper and the correspondence passing between Hart and the defendants. Although the defendant Haskins is not mentioned in either, his connection with the entire matter was sufficiently established by other evidence to warrant their introduction. It clearly appears that Todd and he were associates in a joint enterprise, were equally interested in its fraudulent schemes, and together participated in furthering its plans.

One of the instructions given the jury reads: "The court further instructs you that the employment referred to in the information is employment at six dollars and forty cents a day. The information is silent upon the subject of whether such employment should be temporary or permanent. But if you find from the evidence in this case that such representation was made, that is, that upon the payment of one hundred dollars M. E. Hart would be entitled to a position at six dollars and forty cents a day, and that the defendant knew at the time he made such statement, if he did make such statement, that he could not give to the said M. E. Hart a position at six dollars and forty cents a day, and if

you find all of these facts and the other essential facts to constitute the crime as you have been heretofore instructed to a moral certainty and beyond a reasonable doubt, and in addition thereto that the defendant did not give a position *of six dollars and forty cents a day* to the said M. E. Hart, it will be your duty to return a verdict of guilty as charged in the information.'' Appellant argues that ''this instruction was a declaration of a negative pregnant; that if the defendant did not give a position of employment to Hart at six dollars and forty cents per day, but did give him employment at seven dollars per day, or any other sum greater or less than six dollars and forty cents per day, it was the duty of the jury, under such instruction, to have returned a verdict of guilty.'' The appellant is hypercritical. The instruction is only a part of a charge, which, as a whole, fairly presented the case to the jury.

The court was justified in refusing to give defendant's requested instructions XVII and XVIII. Their effect, if given, would have been to virtually instruct the jury to acquit, in the first instance, and in the next, to eliminate from the consideration of the jury all questions of fraudulent intent.

The orders denying a new trial and in arrest of judgment, and the judgment, are affirmed.

Wood, J., *pro tem.*, and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1920.

All the Justices concurred.