## WOODBURY v. BOWMAN et al.

In a suit on an injunction bond, defendant, to show that the injunction suit was still pending, offered in evidence, an order from the Supreme Court, directing the Court below to fix the amount of a suspensive appeal bond, that Court having dissolved the injunction. *Held*, that the order was properly rejected, the defendant not offering to show that the bond and notice of appeal were given, and the transcript filed in the Appellate Court.

Where a suit is pending in the Supreme Court on appeal, the judgment below is suspended for all purposes, and it is not evidence upon the questions at issue, even between the parties.

APPEAL from the Fifth District.

For case see opinion.

*Heydenfeldt*, for Appellant.

*Robinson, Beatty & Heacock*, for Respondent.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This was an action upon an injunction bond; plaintiff recovered judgment below, and defendants appeal.

The first point taken by Appellant is, that the Court below rejected evidence offered by defendants to prove that the right to the injunction was not finally decided at the commencement of this action. This point would be decisive of the case, if the evidence offered was sufficient to establish the pendency of the injunction at the time this suit was instituted; but upon examining the evidence offered, it is clear that it is not sufficient for this purpose.

The paper offered in evidence, which is set out in the record,

and which is called a *supersedeas*, is simply an order directing the Court below to fix the amount of a suspensive appeal bond. There was no offer to show any other steps—such as giving the bond after the amount was fixed, giving notice of appeal, and filing the transcript in the Appellate Court—all of which were necessary to show that the question was still pending and undecided.

The Appellant is also incorrect in his statement that "a stipulation between the parties to show that the appeal from the dissolution was still pending under the *supersedeas*," was offered and rejected. The record shows that the stipulation offered was admitted by the Court against the exception of plaintiff; the stipulation itself seems to have been admitted; at least there is no reference to it either in the index or briefs of counsel, and we have been unable to find it, and, in the absence of direct evidence to the contrary, we must presume in favor of the judgment, that it did not establish the pendency of the case.

The second point is, that the Court rejected evidence offered to prove that the water of which plaintiffs were deprived, during the twenty-five days while the injunction was observed, was not the property of plaintiff, but of the Mokelumne Hill Canal Company, who were plaintiffs in the injunction suit, and the party in whose behalf the bond sued on in this action was executed by defendants.

The evidence offered on this point seems to have been the judgment roll in the suit of *The Mokelumne Hill Company* v. *Woodbury*, which cause was then pending in this Court upon an appeal, which was taken from the judgment by the present plaintiff, who was defendant in the suit.

We think it was properly rejected; the appeal having suspended the operation of the judgment for all purposes, it was not evidence in the questions at issue, even between the parties to it.

Judgment affirmed.