PEOPLE ex rel. CALDERWOOD, Relator, v. HENRY L. DAVIS, Respondent.

No. 895; October 4, 1866.

**Quieting Title.**—A Judgment in a Suit to Quiet Title has equal efficacy with one in ejectment to establish the rights of the parties.

**Quieting Title.**—A Judgment in a Suit to Quiet Title in favor of the unsuccessful defendant in a preceding action of ejectment between the same parties is suspended in its operation by an appeal.

**A Mandamus to Direct an Officer to Execute a Writ of Possession** against an occupant, unsuccessful as defendant in ejectment, will not be granted if, since the judgment in ejectment, the occupant has been given judgment in a suit to quiet title, although it is claimed in the petition that an appeal from the latter judgment has been taken and its operation thereby suspended. The burden is on the relator to prove the appeal as a fact.

Mandamus.

D. Calderwood for relator; D. Rodgers for respondent.

SHAFTER, J.—The petition states that the relator brought an action of ejectment against R. C. Brooks et al., tenants of the relator holding over after the expiration of their lease. That one Edmond Brooks "forcibly entered" upon the land pending the litigation and "ousted the said defendants therefrom." That Edmond Brooks, so being in possession, assumed the defense of the action, and by collusion with said R. C. Brooks filed an answer in his name denying all the material allegations in the complaint, and pleaded as a special defense the entry and ouster by Edmond Brooks under paramount title. It is further stated that the relator recovered judgment in said action on the 24th of November, 1863, for the possession of said premises; that Edmond Brooks moved for a new trial in the name of R. C. Brooks, and on denial of the motion appealed in his name to the supreme court, where the judgment was affirmed. That a writ of possession duly issued on said judgment and was delivered to the defendant on the twenty-sixth day of July, 1865, who refused to execute it on payment of fees.

The answer admits these facts, in effect, and states by way of avoidance that after the ouster of R. C. Brooks and others by Edmond Brooks, which it is alleged was under proceedings, the latter, being in possession, instituted a suit against the relator and R. C. Brooks et al. to quiet his title to the premises, and that the said Edmond Brooks was, on the 25th of June, 1865, adjudged to be the owner thereof in fee. The relator admits the recovery of this judgment, but seeks to avoid it by a replication alleging that the relator appealed from the judgment to the supreme court where the case is now pending. There are matters alleged in the answer and in the replication other than those we have adverted to, but none having any bearing upon the merits of this application. The case has been submitted upon the pleadings.

The right of the relator to a mandamus is not put, in the complaint, upon the ground that Edmond Brooks entered upon the premises under or by leave and license of R. C. Brooks and others, pending the action of ejectment brought by the relator against them, but upon the ground that having forcibly ousted the parties under a title paramount, Edmond Brooks assumed the defense of the action and thereby made himself a party to it in legal effect. The judgment against Calderwood, relied upon in the answer, was rendered some eighteen months subsequent to that recovered by him in the ejectment suit, and acts as directly upon the question of title and right of possession as the judgment by which it was preceded. The two judgments are not in conflict with each other, however, for the suit to quiet title was not only tried and determined but was brought after the commencement of the ejectment. The judgment in the suit to quiet title, standing by itself, may be regarded as a good defense to this petition, but its present effect is suspended or avoided by the appeal alleged in the replication, assuming an appeal to have been taken: Woodbury v. Bowman, 13 Cal. 635. The burden of proving the appeal, however, as a fact in the case, was clearly upon the relator and in the absence of all evidence bearing upon that question, the petition must be denied.

And it is so ordered.

We concur: Currey, C. J.; Sawyer, J.; Rhodes, J.