[20960. Department One.—July 13, 1893.]

## THE PEOPLE, RESPONDENT, v. EDWARD A. GIBBS, APPELLANT.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—NON-RELIANCE UPON REPRESENTATIONS.—Conceding that a criminal charge of obtaining money under false pretenses may be predicated on a representation as to one's title to real estate, yet where it appears that the grantee has not relied upon such representations in purchasing the land, the party making the representations is not guilty of the crime charged.

ID.—MATTER OF OPINION.—A representation that land and a mortgage thereon, exchanged for personal property, were good and sufficient security for the payment of the money mentioned in the note, is a mere matter of opinion, and if proved will not warrant a conviction of obtaining money under false pretenses.

ID.—DEGREE OF EVIDENCE REQUIRED—CORROBORATION OF PROSECUTING WITNESS.—Upon a prosecution for the crime of obtaining money under false pretenses, where the prosecution failed to show by two witnesses that the defendant made the representations charged at the time of the transaction, or that a note and mortgage given therefor were false tokens, and failed to corroborate the prosecuting witness by other testimony, or by some note or memorandum written by the defendant, a judgment of conviction is erroneous and will be reversed.

ID.—ABSTRACT INSTRUCTION—ERROR.—An instruction to the jury that in order to convict the defendant there need be only one false pretense proved, if they believed that the prosecuting witness relied upon such pretense or representation and was induced thereby to part with his property, although correct as an abstract proposition of law, is erroneously given where there is no evidence to show that the prosecuting witness relied upon the representations charged.

ID.—JUDGMENT SUSPENDED DURING APPEAL NOT ADMISSIBLE IN EVIDENCE.—A judgment of the superior court pending an appeal therefrom is suspended for all purposes, and is not evidence upon the question therein at issue even between the parties, and cannot be introduced in evidence in a criminal action against one of the parties.

ID. — EVIDENCE — CONVERSATION AND CIRCUMSTANCES AT TIME OF TRANSACTION. — In a prosecution for obtaining money under false pretenses, where the defendant had procured the money in exchange for a note and mortgage claimed to have been executed and delivered by a third party to the defendant, and the prosecution claimed that the transaction was entirely simulated, and that the alleged mortgagor was a myth, and that even if he existed the transaction was not in good faith, but for the purpose of enabling the defendant to cheat and defraud, all the circumstances connected with the transaction were proper matters for the consideration of the jury, and it is error for the court to refuse to allow a witness for the defendant to testify as to the conversations and circumstances occurring at the time of the transaction between the defendant and the mortgagor.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Del Valle & Munday, Stephen M. White, C. C. Stephens,* and *F. H. Binford,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-General Charles H. Jackson,* for Respondent.

PATERSON, J. — The defendant was convicted of the crime of obtaining money under false pretenses, and sentenced to serve a term of seven years in the state prison at Folsom.

On April 13, 1891, one J. H. Alderson sold and delivered to the defendant certain horses, buggies, harness, etc., comprising the outfit of his livery stable in Los Angeles, and took in payment therefor an assignment of a note secured by a mortgage on certain real estate for the sum of $1,333.33, executed and delivered by Donald McKay to the defendant, payable two years from date thereof, and it is upon that transaction this prosecution is based. The following are the representations charged to have been falsely and fraudulently made: 1. That the note and mortgage referred to had been executed and delivered to the defendant by said McKay. 2. That the defendant was acquainted with said Donald McKay, and the latter was then residing on the land described in the mortgage. 3. That said McKay was then a man of large means and abundantly able to pay said note. 4. That the defendant was familiar with the land described in the mortgage and had sold the same to said McKay, and the title thereto was good and perfect in the latter; and 5. That

said land and mortgage were good and sufficient security for the money mentioned in the note.

A great deal of evidence was introduced by the prosecution at the trial to show that Donald McKay was a fictitious person, but the effect of the evidence was entirely overcome by the appearance of McKay himself at the trial and by the testimony of many witnesses who had known him for several years. The representation that McKay was a man of large means and abundantly able to pay the note stands unchallenged in the evidence. There is not a word of testimoney to show whether he was or was not a man of means or able to pay the note.

As to the fourth representation, it is clear that Alderson did not rely upon the defendant's statements as to the title to the land. The documents which were handed to him by the defendant prior to the consummation of the sale, including a certificate of title, were taken by him to an attorney for advice upon that subject, and the agreement between the parties showed the source of defendant's title. So that, conceding that a charge of obtaining property under false pretenses may be predicated on a representation as to one's title to real estate, it is clear that no reliance was placed upon the representation of the defendant in that regard. The fifth representation was a matter of mere opinion, and, if proved, no conviction could be had upon it, but it is sufficient to say that it stands upon the same ground as the representation first above referred to. Only one of the representations alleged was proved; that is the representation that "McKay was living on the land." If this representation be regarded as material, it is sufficient to say that it was not proved as required by law in order to make out the offense. Section 1110 of the Penal Code provides that "defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense or some note or memorandum thereof be in writing, subscribed by or in the handwriting of the defendant, or unless the pretense be proved by the testimony of two witnesses, or that of one witness and corroborating circumstances."

Applying this test to the case at bar, none of the pretenses alleged were substantiated. To make out the case charged it was necessary for the prosecution either to show that there was

no such person as Donald McKay, and that the note and mortgage were false tokens, or to corroborate the testimony of the prosecuting witness by some other testimony or by some note or memorandum written by the defendant. This was not done; as stated before, the note and mortgage were shown to be genuine, and not only did the prosecution fail to show by two witnesses that the defendant made the representations charged at the time of the transaction, but the defense proved by two of the three persons present at the time that no such representations were made. It has been held that a check on a bank may be a false token, and would be considered so if the drawer knew when he gave it that he neither had funds to meet it nor credit at the bank on which he drew it. (*People* v. *Donaldson*, 70 Cal. 118.) But no case has been called to our attention holding that a promissory note can be used as a false token.

The court instructed the jury that in order to convict there need be only one false pretense proved if they believed that Alderson relied upon such pretense or representation, and was induced thereby to part with his property. As an abstract proposition of law this is correct, but there is no evidence in the record that Alderson relied upon any one of the representations charged.

To show that the defendant did not believe his title to the property was good, the prosecution introduced in evidence the judgment-roll in the case of *Juan de Toro, Edward A. Gibbs* (*defendant*), *and others, plaintiffs*, v. *Robinson and others, defendants*, which was an action to quiet the plaintiff's title to an interest in the rancho known as the Los Coyotes, the land described in the mortgage above referred to being a portion of said rancho. This judgment-roll showed that on the 15th of October, 1889, judgment was entered in favor of the defendants in that action. Counsel for the defendant in connection therewith introduced in evidence a notice of appeal from said judgment to the supreme court, filed September 15, 1890. The remittitur from the supreme court showing an affirmance of the judgment was issued October 26, 1891. Notwithstanding the evidence that the appeal was pending at the time of the transaction between Alderson and the defendant, and that the cause was not finally determined until six months thereafter, the court below in-

structed the jury that "the decisions, judgments, and decrees of the superior courts of this state are conclusive and binding upon all parties to the action or proceeding wherein such decision, judgment, or decree is rendered, and all such parties are bound to take notice thereof until the same is either modified, set aside, or reversed by the supreme court of this state." This was clearly erroneous. The judgment of the court during the appeal was suspended for all purposes, and was not evidence upon the question therein at issue even between the parties. (*Woodbury* v. *Bowman*, 13 Cal. 634; *Murray* v. *Green*, 64 Cal. 363.)

The court below erred in refusing to allow the witness Osbourne to testify to conversations and circumstances occurring at the time of the transaction between Gibbs and McKay. The theory of the prosecution was that this transaction was entirely simulated; that McKay was a myth, but that if such person existed the transaction was not in good faith, but for the purpose of enabling the defendant to cheat and defraud. All the circumstances were therefore proper matters for the consideration of the jury.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

GAROUTTE, J., and HARRISON, J., concurred.