[Crim. No. 988. Second Appellate District, Division One.—November 27, 1923.]

THE PEOPLE, Respondent, v. T. M. DANIELS, Appellant.

[1] CRIMINAL LAW — OBTAINING MONEY BY FALSE PRETENSES — SALE OF INTEREST IN BUSINESS — MISREPRESENTATION AS TO ASSETS — EVIDENCE.—In a prosecution for obtaining money by false pretenses, the charge being that the complaining witness purchased a one-third interest in a business owned by defendant and another in reliance upon the representation that the assets of said business amounted to a specified sum, a written statement prepared by an expert accountant at the request of defendant after the complaining witness, convinced that he had been victimized, demanded the return of his money, and which shows that the net assets of the business were much less than shown by the written statement furnished by defendant at the time of entering into the transaction, is properly admissible as tending to prove the falsity of the representation made by defendant as to the assets of the company.

[2] ID.—RELIANCE UPON FALSE STATEMENTS—ESSENTIAL FINDING.—In such a prosecution, in order to find the defendant guilty of the offense charged it is necessary to find that the complaining witness relied upon the false statements made by the defendant.

[3] ID.—INDEPENDENT INVESTIGATION—RESTRICTION OF CROSS-EXAMINATION.—In such a prosecution, the defendant cannot be found guilty of the offense charged where the complaining witness made

2. Reliance on false pretenses as element of the offense, note, 6 L. R. A. (N. S.) 365.

independent investigation of the affairs of the company and relied upon the information thus obtained, and not upon the statement furnished by the defendant; and it is error to sustain the prosecution's objection to a question asked the complaining witness upon cross-examination for the purpose of ascertaining if such independent investigation was made.

[4] ID.—CONTENTS OF BOOKS—QUALIFICATION OF EMPLOYEES TO TESTIFY.—In such a prosecution, it is not error to permit the bookkeeper, who had been in the employ of defendant, and the expert accountant, who had been employed by defendant to examine the books and to prepare a statement showing the assets and liabilities of the company, to testify as to the contents of such books.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Reversed.

The facts are stated in the opinion of the court.

Walter J. Little, Randall, Bartlett & White and Schenck & Kittrelle for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—Appellant prosecutes this appeal from a judgment of conviction under an information charging him with the crime of obtaining money by false pretenses. He relies upon three grounds for a reversal of the judgment: First, insufficiency of the evidence to sustain the judgment; second, errors of the trial court committed in the admission and rejection of evidence; third, errors committed by the trial court in the giving of and the refusal to give instructions.

As to the sufficiency of the evidence to sustain the judgment, appellant contends that, as the charge against him was of obtaining money by false pretense and that the false pretense in question was that the assets of a certain business concern, composed of the defendant and one W. L. Brown, doing business under the firm name of the Reliance Building Company, were in excess of $34,000, there was no evidence that the assets of said firm were not as represented by defendant. The complaining witness purchased a one-third interest in said business upon the representations of the defendant that the net assets of said firm amounted to

the sum of $34,208.34. These representations were made by defendant to the complaining witness by means of a written statement purporting to show the assets and liabilities of the company. This statement, defendant represented, was taken from the books of the firm and correctly showed the condition of the business of the company and its assets and liabilities. Shortly after making said purchase and paying therefor in cash and securities the sum of $11,402.78, being exactly one-third of the amount of the net assets of said firm as shown by said written statement, the complaining witness became convinced that he had been victimized by the defendant and demanded of defendant a return of his money and securities. The defendant thereupon had prepared by an expert accountant a second statement of the affairs of the company showing its assets and liabilities. This second statement, which was given to the complaining witness by the defendant, showed that the net assets, including the $11,402.78 paid into the firm by the complaining witness, were slightly less than $17,000.

[1] It is now claimed by appellant that this latter statement only shows the condition of the books of the company at the time of its preparation and is no evidence whatever of the amount or character of the property or assets owned by the company. We are unable to agree with appellant in this contention. The evidence shows that this statement was prepared at the instance of the defendant for the express purpose of showing the assets and liabilities of the company, and that it was given to the complaining witness by the defendant for this purpose. Defendant at the trial took the stand in his own behalf and he made no claim that this statement was not correct, nor that it did not correctly show the property and assets of the company. Under the circumstances surrounding the preparation and delivery of this statement we think the trial court committed no error in admitting it in evidence. It purported to show the character and value of the property and assets of the company, and therefore tended to prove the falsity of the representations made by the defendant to the complaining witness as to the net assets of the company.

It is next claimed by appellant that the court erred in the admission and rejection of evidence in two particulars: First, in its refusal to permit defendant to cross-examine the

complaining witness, and, second, in permitting the prosecution to introduce evidence pertaining to the books of the company.

The court refused to permit the complaining witness to answer certain questions propounded to him on cross-examination, the answers to which appellant claims might have shown that the complaining witness had made an independent investigation of the affairs of the company prior to his purchase of an interest therein, and, therefore, that he did not rely upon any statement made by the defendant as to the property or assets of said company. Among other questions, the complaining witness was asked upon cross-examination: "Did you make any inquiries of anybody regarding the truth or falsity of any of the items set forth in that statement prior to the time you signed the agreement of copartnership?" The court sustained an objection to this question. The ruling of the court appears to be based upon the theory that the complaining witness had a right to rely upon the statements of the defendant and was not obliged to make any further investigation. In this construction of the law we agree with the trial court, but it is further insisted by the appellant that if the complaining witness made an independent investigation and relied upon the information obtained thereby, and acting upon such information parted with his money or property, then the defendant cannot be found guilty of obtaining money under false pretenses, notwithstanding the falsity of the representations made by him. [2] In order to find defendant guilty of such an offense it is necessary to find that the complaining witness relied upon the false statements made by the defendant. The question, therefore, propounded to the complaining witness to which the court sustained an objection might possibly have elicited an answer from the witness to the effect that he had made inquiries regarding the truth or falsity of the items contained in the statement and as a result of these inquiries he became satisfied irrespective of anything the defendant may have said to him that the statement was correct, and that he entered into the contract with defendant for the reason that he believed from the investigation made by him that the statement presented to him by the defendant was correct. The rule is stated in Wharton's Criminal Law as follows: "When the prosecutor resorts to

verification, this may be a defense. The prisoner offered a chain in pledge to a pawnbroker, falsely and fraudulently stating that it was a silver chain, whereas in fact it was not silver, but was made of a composition worth about a farthing an ounce. The pawnbroker tested the chain, and finding it withstood the test, he, relying on his own examination and test of the chain, and not placing any reliance upon the prisoner's statement, lent the prisoner 10 shillings, the sum he asked, and took the chain as a pledge. It was held, that if the money had been obtained on the statement made by the prisoner, he might have been convicted of obtaining it by false pretenses; but that, as the prosecutor relied entirely upon his own examination, and not upon the false statement, the prisoner was properly found guilty of only an attempt to commit that offense." (Wharton's Criminal Law, 11th ed., sec. 1442. See, also, *People* v. *Gibbs*, 98 Cal. 661 [33 Pac. 630].)

[3] Under these circumstances we must agree with the appellant that it was error on the part of the court to sustain the objection to this question propounded to the complaining witness upon cross-examination.

[4] There was no error upon the part of the court in permitting the witnesses Lewis and Blackman to testify as to the contents of the books of the company. These witnesses were both in the employ of the defendant—Lewis having been employed as bookkeeper and Blackman as an expert accountant to examine the books and to prepare a statement showing the assets and liabilities of the company. They were, therefore, in our opinion both competent witnesses to testify as to the contents of the books.

We find no error in the rulings of the court upon the instructions.

For the reasons heretofore given the judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and Houser, J., concurred.