## J. B. MARTIN *v.* COMMONWEALTH.

**Criminal Law—Indictment.**

It is not sufficient in an indictment for obtaining money by false pretenses, to aver that the representations made were false, but it must be alleged in addition that the defendant knew them to be false.

APPEAL FROM ADAIR CIRCUIT COURT.

March 25, 1875.

OPINION BY JUDGE COFER:

It is not sufficient in an indictment for obtaining money or prop-

erty by false pretenses, to allege that the representations made were false, but it should be alleged in addition that the defendant knew them to be false. Nor can the necessity for such allegations be dispensed with by the averments that the representations were unlawfully and feloniously made. These allegations serve no other purpose except to show the intent with which the representations were made.

Nor is the general allegation that the representations were false, sufficient. The representations made should be stated in the indictment, and it should then be charged that they were false, and were known by the defendant to be false. That the representations are false did not necessarily make the defendant liable to a prosecution for a public offense.

It is charged that the defendant represented that he had caught two of the robbers of the Columbia Deposit Bank, and had them in jail in another state, and required one hundred dollars to bring them to Adair county, which said statements were false. This may be true, and it may also be true that the defendant had arrested and committed to jail in another state two persons whom he supposed to be two of those engaged in robbing the bank; hence the necessity to allege that he knew the representations he made were untrue.

An indictment is never sufficient which does not exclude every rational hypothesis consistent with the innocence of the accused. The motion of the appellant to arrest the judgment should have prevailed, because the indictment did not state facts constituting a public offense.

Judgment *reversed* and cause remanded for further proceedings.

*Winfrey & Stewart, for appellant.*

*John Rodman, for appellee.*