### PEOPLE *v.* JEFFERY.

### SAME *v.* SEELEY.

*(Supreme Court, General Term, Fifth Department. June 2, 1891.)*

INDICTMENT—CRIME NOT PRESCRIBED BY CODE—FALSE PRETENSES.

An indictment which charges defendant with "the crime of obtaining property under false pretenses" does not allege a crime, since there is no such crime in Pen. Code N. Y., but, by chapter 4, obtaining property under false pretenses is declared to be larceny.

Appeal from court of sessions, Niagara county.

Indictments against John O. Jeffery and Hezekiah Seeley, respectively, for obtaining goods under false pretenses. Demurrers to the indictments were sustained, and the people appeal.

Argued before DWIGHT, P. J., and MACOMBER, J.

*F. King,* Dist. Atty., for the People. *D. E. Brong* and *Richard Cowley,* for respondents.

MACOMBER, J. The defendants in the above cases were, on the 13th day of December, 1890, indicted by the grand jury of Niagara county. Two days thereafter they demurred to the indictment upon the grounds—*First,* that it did not state facts sufficient to constitute a crime; *secondly,* that it charged

two crimes. Four days thereafter the issue presented by the demurrer was argued, and, after deliberation thereon, the court of sessions of that county allowed the demurrer and dismissed the indictment, from which order the appeal in each case is taken. The facts charged are the same in each case, with the exception of the name of the offender, and the dates and amounts; and, for the purpose of this review, the indictment of Jeffery will be alone considered, as it was conceded by counsel at the argument that the cases do not in any respect differ in principle nor in the facts charged. As, in our judgment, the case turns upon the construction to be given to the indictment, it is necessary for the proper consideration of the principle involved to set the same forth fully. The indictment is as follows: "The grand jury of the county of Niagara, by this indictment, accuse John O. Jeffery, late of the city of Lockport, within said county of Niagara, with the crime of obtaining property under false pretenses, committed as follows: That the said John O. Jeffery, on or about the 12th day of September, 1889, at the town of Lockport, within said county of Niagara, with intent feloniously to cheat and to defraud one Harry Anderson, did then and there feloniously, unlawfully, willfully, and designedly, falsely pretend and represent to the said Harry Anderson that he, the said John O. Jeffery, was the agent of a company known as the ' Pennsylvania Seed Company, Limited,' and that said company was a corporation duly organized under the laws of the state of Pennsylvania, and having a charter and capital stock of twenty thousand dollars on deposit, to enable it to fulfill its contracts to sell seed grain, and that said company was a good, substantial, responsible corporation, having a secretary, one W. J. Curtiss, who was a good, substantial, responsible man, having and owning a large amount of property in this state, and being a man of large means; that if he, the said Harry Anderson, would purchase twenty bushels of oats at the rate of fifteen dollars per bushel from the said Pennsylvania Seed Company, Limited, through its agent, John O. Jeffery, and give therefor his two negotiable promissory notes, the said company would, on or before the first day of December, 1890, before said notes should become due, sell for him, the said Harry Anderson, forty bushels of oats for the sum and price of fifteen dollars per bushel, less thirty-three and one-third per cent. thereof, commissions therefor, thereby enabling him, the said Harry Anderson, to make a profit of one hundred dollars; and that the said John O. Jeffery, as the agent of said company, would deliver the duly-executed bond of said company aforesaid, for the fulfillment of its obligations, and promise to sell the said forty bushels of oats for him, the said Harry Anderson, so as aforesaid. And the said Harry Anderson, then and there believing the said false pretenses and representations so made as aforesaid by the said John O. Jeffery, and being deceived thereby, was then and there induced, by reason of the false pretenses and representations so made as aforesaid, to sign, and, being so induced as aforesaid, put his signature, to two negotiable promissory notes in writing, dated on or about that day, one for the sum of one hundred dollars, payable to said W. J. Curtiss or bearer, on January 1, 1891, for value received, with interest, and a second for two hundred dollars, of even date therewith, payable to said John O. Jeffery or bearer, on January 1, 1891, for value received, with interest,—a more particular description of which notes is to this grand jury unknown. And the said Harry Anderson, then and there being so induced as aforesaid, did deliver the said two negotiable promissory notes in writing, so made as aforesaid, with his signature thereto, unto the said John O. Jeffery, and the said John O. Jeffery did then and there feloniously and designedly receive and obtain from the said Harry Anderson his signature to the two aforesaid written instruments, to-wit, the aforesaid negotiable promissory notes, by means of the false pretenses and representations aforesaid, and with intent feloniously to cheat and defraud the said Harry Anderson thereby; whereas, in truth and in fact, the said pretended company was not a corpora-

tion, was not organized under the laws of the state of Pennsylvania, had no charter and no paid-up capital of twenty thousand dollars, nor any capital whatever, on deposit, to guaranty the fulfillment of its obligations and promises to sell seed grain; and whereas, in truth and in fact, said pretended company was not a good, responsible, substantial company, all of which the said John O. Jeffery then well knew; and whereas, in truth and in fact, the pretended secretary, said J. W. Curtiss, was not a good, substantial, responsible man, having and owning a large amount of property in this state, and was not a man of large means, but, on the contrary, said J. W. Curtiss was an irresponsible man, owning little or no property within this state, and having little or no means; and whereas, in truth and fact, the said pretenses and representations, so made as aforesaid, by the said John O. Jeffery to the said Harry Anderson, were in all respects false and untrue; and whereas, in truth and in fact, the said John O. Jeffery well knew said pretenses and representations so made as aforesaid to the said Harry Anderson to be utterly false and untrue at the time of making the same; and so the grand jury aforesaid do say that the said John O. Jeffery, by means of the false pretenses and representations aforesaid on the day and in the year aforesaid, at the town and county aforesaid, feloniously and lawfully, falsely, knowingly, fraudulently, and designedly, did receive and obtain from the said Harry Anderson his signatures to the written instruments, to-wit, the two written, negotiable, promissory notes aforesaid, with intent feloniously to cheat and defraud him, the said Harry Anderson, thereby, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York, and their dignity." This indictment was signed by the district attorney, and was indorsed as follows: "Indictment for obtaining property under false pretenses. A true bill." Signed by the foreman and district attorney.

The first pleading on the part of the people is an indictment, which is defined by section 254 of the Code of Criminal Procedure as an accusation in writing, charging a person with a crime. This indictment charges the defendant with the commission of a crime, as follows: "With the crime of obtaining property under false pretenses." This is the only charging part of the indictment; the only definition of a charge to which the defendant was called upon to plead. But in our Penal Code there is no such crime as obtaining property "under false pretenses." The offense of obtaining property under false pretenses, which was formerly a crime, standing by itself and well defined, is now included under the general term of "larceny." Under chapter 4 of this Code, larceny includes not only the offense as was defined at common law, and before the Revised Statutes, (2 Rev. St. 679–690,) but also embezzlement, obtaining property by false pretenses, and felonious breach of trust. By section 528 of that Code, any person who is guilty of the acts by which he appropriates property to the use of himself or any other person is guilty of larceny. In the case of *People* v. *Dumar*, 106 N. Y. 508, 13 N. E. Rep. 225, the court, by Judge DANFORTH, says: "The crime is committed when, with that intent, a person either—*First*, takes such property from the possession of the true owner or of any other person; or, *second*, obtains it from such possession by color or aid of fraudulent or false representations or pretense, or any false token or writing; or, *third*, secretes, withholds, or appropriates to his own use, or that of persons other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or articles of value, of any kind." Under the doctrine of the case above cited, which, as an authority, is a conclusive interpretation of these several provisions of the criminal law, the indictment before us must be held fatally defective, in that it charges a crime against the defendant which is not defined by the present criminal statutes of the state. For this reason the decision of the court of sessions was correct, and the judgment should be affirmed. This conclusion renders it unnecessary to consider two other propositions, which

would otherwise be in the case, viz., that the indictment is deficient in not alleging that the Pennsylvania Company did not in fact perform all of the engagements undertaken by it under the contract set forth in the indictment; and, *secondly*, that the defendant and complainant in each case appear from the indictment itself to have been engaged in a common swindle; and that consequently the people, as between the accused and the accuser, have little or no interest.