(35 Misc. Rep. 182.)

### PEOPLE v. HART.

(Court of General Sessions, New York County. May, 1901.)

FALSE PRETENSES—INDICTMENT.

An indictment for larceny by false pretenses, alleging that defendant falsely pretended that he was desirous of purchasing the saloon in question; that he owned two houses and lots, but did not have money to pay for the saloon, and was desirous of paying partly in cash and partly by note; that a certain paper presented by him was a lien on such houses and lots, and prevented their sale until the note was paid; and that he thereby induced complaining witness to part with his saloon for part cash and a worthless note,—was demurrable as containing no false pretenses susceptible of denial, except those as to the ownership of the houses and lots, the indictment showing that such ownership was not the cause which induced the complaining witness to part with his saloon.

Benjamin D. Hart was indicted for larceny by false pretenses. Demurrer to indictment allowed.

P. A. McManus, for demurrer.

Eugene A. Philbin, Dist. Atty., opposed.

GOFF, Recorder. Taking as a premise the rule of pleading that the indictment must contain a plain and concise statement of the acts constituting the crime (Code Cr. Proc. § 275), it becomes necessary in the first instance to determine what are the acts which constitute the crime of larceny by false pretense. Obtaining property by a fraud which did not amount to a defined felony was not an in-

dictable offense at common law, unless it affected the public. It was said by Lord Mansfield that "an offense to be indictable must be such a one as affects the public." Fraud by a false token designed to cheat only the individual was not indictable. It had to be a fraud by a false token designed to cheat the public generally,—such as false weights and measures. To protect the individual, it was declared by St. 33 Hen. VIII. that fraud upon the person by means of privy tokens was a misdemeanor. But this statute was found to be inadequate, as it did not reach a fraud by verbal false pretense where no real or visible token was used. The statute against false pretenses was then enacted (30 Geo. II. c. 24), which declared that "all persons who knowingly and designedly by false pretense or pretenses obtained from any person money or goods, wares or merchandise, with intent to cheat and defraud, should be deemed offenders against law." By this statute a new offense was created, and its principles have been incorporated into later English legislation and into the laws of our own state, which is contained in section 528 of the Penal Code. This section reads: "A person who, with the intent to   *   *   * defraud the true owner of his property,   *   *   *   obtains from such (his) possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing,   *   *   *   steals such property, and is guilty of larceny." Though the statute by words calls the crime larceny, it does not change the essentials of the substantive crime of fraud by false pretense, nor does it alter the rules of pleading it. People v. Dumar, 106 N. Y. 509, 13 N. E. 325; Loomis v. People, 67 N. Y. 329, 23 Am. Rep. 123; People v. Jeffery (Sup.) 14 N. Y. Supp. 839.

From an abundance of authorities these essentials may be deduced, as (1) an intent to defraud; (2) a false pretense with knowledge of its falsity; (3) a fraud committed by means of the false pretense; and (4) reliance on the false pretense by the person defrauded. 2 Bish. Cr. Proc. § 163; People v. Tompkins, 1 Parker, Cr. R. 224; Com. v. Drew, 19 Pick. 179; People v. Haynes, 14 Wend. 546, 28 Am. Dec. 530; Watson v. People, 87 N. Y. 564, 41 Am. Rep. 397. Not only must these essentials be pleaded and the false pretenses negatived, but they must be proved as laid before a conviction can be had. 2 Bish. Cr. Proc. §§ 178–183; 2 Maule & S. 379. The "acts" constituting the crime are therefore the intent, the pretense, the fraud, and the reliance, and these must be plainly set forth in the indictment. Code Cr. Proc. § 275, supra. That the indictment correctly and sufficiently contains a statement of three of the "acts," intent, fraud, and reliance, is not questioned, but that it fails to do so as to the "act" of false pretense is made the crux of the question raised by the demurrer.

An authoritative definition of a "false pretense" must be ascertained before applying it as a test to the assailed pleading. The term "false pretense," when used in a criminal statute, must be taken in its legal and not its literal sense, because in law it has a well-defined and appropriate meaning. State v. De Lay, 93 Mo. 98, 5 S. W. 607; Chapman v. State, 2 Head, 36. Roscoe says, in Criminal Evidence (7th Ed., p. 478): "The false pretense laid in the indictment

must be of some present existing fact, and not of some future event or a mere promise." Bishop (2 Cr. Law, § 415) defines it as "such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." "The pretense must be of some existing fact, made for the purpose of inducing the prosecutor to part with his property." Russ, Crimes, 81. "A false pretense, to be within the statute, must be the assertion of an existing fact, not a promise to perform some act in the future." Com. v. Moore (Pa.) 3 Cr. Law Mag. 839; Com. v. Drew, supra. "The pretense must relate to an existing or past fact" (People v. Johnson, 12 Johns. 292; People v. Tompkins, supra; Scott v. People, 62 Barb. 71); and "a false promise to do an act depends on a future event, and is not a false pretense" (Ranney v. People, 22 N. Y. 414). "A promise is not a pretense" (People v. Williams, 4 Hill, 9, 40 Am. Dec. 258); and "an opinion or profession of intention, even though thereby a fraud be committed, is not a false pretense" (2 Bish. Cr. Law, § 416; Martin v. State, 36 Tex. Cr. R. 125, 35 S. W. 976). To the same effect are numerous other authorities, but sufficient have been cited to firmly establish the rule that false pretense must relate to a past or present fact, and not to an opinion, promise, or profession of purpose.

The "statement of acts" contained in the indictment, which must be tested by this rule, is the defendant did "falsely and fraudulently pretend and represent that he was desirous of entering largely into the ownership and management of saloons and other places for the sale of liquor and for public entertainment, and that he was desirous of so beginning such business venture by the purchase of the liquor saloon, fixtures, stock, license, etc., of the value of two thousand five hundred dollars"; that he further falsely pretended and represented that he "was the owner and in possession of two houses and lots of land; * * * that he was not then and there possessed of the ready money wherewith to pay the agreed purchase price of said saloon, * * * and was desirous of paying therefor by two hundred dollars cash and his certain note for the sum of twenty-three hundred dollars, payable in sixty days; * * * and that a certain memorandum in writing * * * exhibited and presented by him * * * was a good and sufficient instrument subjecting and mortgaging the said two houses and lots of land, * * * and a good and valid lien securing the payment of the (aforementioned) promissory note, * * * and falsely pretended and represented that the said memorandum in writing * * * prevented and prohibited the sale, mortgaging, and transfer of the said two houses and lots of land until the said promissory note * * * had been fully paid." It is then alleged that, believing said pretenses and representations, the complainant was induced to and did part with his property. These allegations, condensed, are that the defendant was (1) "desirous" of owning saloons; (2) that he was "desirous" of purchasing the saloon of the complainant; (3) that he was the owner and in possession of two houses and lots of land; (4) that he did not have the money to pay for the saloon; (5) that he was "desirous" of

"paying" therefor by part cash and his promissory note; (6) that a certain writing was a valid lien on the houses and lots as security for the payment of his note, and prevented their sale until the note was paid. Grouping these allegations, there are three of desires, one of impecuniosity, one of opinion on the legal effect of a writing, and one of ownership of land. Each of the desires is legitimate. A man's "desires" for the acquisition of wealth or property may be boundless, and no law ever was or ever can be enacted which could limit their conception or expression. Such an emotion as "desire" cannot be measured by a penal statute, much less reduced to the concrete form of fact. How can a man's "desires" be proved? How can they when alleged be negatived? And yet this indictment negatives that which cannot be proven: "Whereas, in fact, the defendant was not desirous of entering into the ownership of saloons, or desirous of beginning such business by the purchase of the saloon, * * * or desirous of paying for the saloon." If these averments were intended as allegations of fact, they formed a constituent element of the offense charged, and consequently became material averments, which would have to be proved upon the trial. Since material averments must be susceptible of proof, and the proof must coincide with the averments, and it being manifest that these averments are not susceptible of proof, and that no proof could be given which would coincide with them, it logically follows that they are immaterial, and in no sense "a statement of the acts constituting the crime."

The contention that they may be taken as showing the evil mind of the accused does not enhance their value, as that quality of mind is adequately set forth in the allegation of intent to defraud, which is susceptible of proof by inference from the proven facts and circumstances. The allegation that he had not money to pay for the property is valueless. It is pleading evidence as distinguished from fact. Besides, it must be taken as true, since it is not negatived. The representations that the writing was a valid lien on the land and security for the payment of the note are not representations of past or existing facts. They are simply expressions of opinion on the quality and effect of a written instrument, and, it having been "presented" to the complainant, he was presumably as competent a judge of its sufficiency as the defendant. The assertion that the writing "prevented and prohibited the sale, mortgaging, and transfer of the land" was an undertaking by the defendant not to sell or mortgage until the note was paid. This was a promise not to do certain things in the future, and as such invalid as a false pretense.

There remains but one pretense to examine,—that the defendant was the owner of certain land. This is the one representation of an existing fact. Was it the inducing cause of the complainant parting with his property, or was it a statement as to the defendant's means and ability to pay for the property he had purchased? The indictment says that the complainant "did then deliver to the defendant the said saloon and property therein, and did then receive therefor from the defendant the sum of two hundred dollars in cash, the said written statement (security), and the said promissory note." From.

this it is clear that the ownership of the land was not the inducing cause of the complainant parting with his property, but the cash and the note were. The title and possession passed from the complainant, and he accepted in return part payment in cash and a promise to pay the balance. The principal obligation was the promise. The ownership of the land was incidental. True, the representation of ownership of the land accompanied the promise, but, although the promise be coupled with the statement of an existing fact, yet, if the property was obtained by relying on the promise, the offense is not committed. People v. Tompkins, supra.

Assume that the defendant did own the land. He could have sold or mortgaged it before the maturity of the note, and the complainant could not realize upon it. In such case the defendant would be guilty of breaking his promise, but he would not be guilty of false pretense. It has been pointed out that the representation by the defendant that the "written instrument" was a lien on the land did not amount to a false pretense. In People v. Gibbs, 98 Cal. 661, 33 Pac. 630, it was held that a representation that a mortgage on land was sufficient security for a note was a mere expression of opinion.

Since, therefore, the defendant was free to dispose of his land—if he owned it—without incurring the penalty for false pretense, the complainant could not be deprived of a security which he never possessed, and it follows that the representation of ownership was not the moving cause. This conclusion is borne out by the pleader, who in his brief says: "The allegation by the defendant of his ownership of the land is not made as a pretense by means of which a purchase of property was made, but in support of the false pretense that the 'writing' was a good and sufficient mortgage, guarantying the payment of the note." It is conceded that the property was not sold to the defendant on the credit of his owning the land, and that if such were the case his representation would have to be in writing. Section 544, Pen. Code.

By the demurrer the facts are admitted, and from them it can be gathered that by falsehood and dishonest dealing the complainant was deprived of his property. But it is not every lie or dishonest or fraudulent act that comes within the purview of the criminal law, nor can it protect men from the consequences of their own credulity or folly. All moral delinquencies cannot be prevented or punished, and the only safe rule in the administration of criminal justice is to confine its application to those acts which the law expressly condemns. This indictment does not contain a statement of the acts constituting the crime of larceny by false pretense, and I therefore allow the demurrer.

Demurrer allowed.