THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM A. COOPER, Appellant.

Fourth Department, June 29, 1928.

*Nelson L. Drummond* and *Albert H. Clark* [*Albert H. Clark* of counsel], for the appellant.

*William J. Darch, District Attorney*, for the respondent.

HUBBS, P. J. The defendant was indicted, charged with the crime of grand larceny in the first degree. The indictment charged that the defendant, with intent to deprive and defraud Anna L. Poole of money and to appropriate the same to his own use or to the use of another, did feloniously, fraudulently and falsely pretend and represent to her that a certain corporation of which he was the vice-president and treasurer was the owner of certain real estate; that it was entirely free and unincumbered, and that its value was in excess of $50,000; that he did fraudulently and feloniously obtain from the possession of said Anna L. Poole the sum of $5,000 with intent to deprive and defraud her of the same; that in truth and fact the said property owned by the corporation was heavily incumbered and mortgaged and the said land so incumbered and mortgaged was of little or no value, and the said company had little or no equity therein; that such pretenses and representations were in all respects utterly false and untrue as the defendant at the time well knew.

The learned county judge, in submitting the case to the jury, instructed it to the effect that if the defendant represented that the corporation owned real estate and the fact was that it did not own any real estate, such representation was a false representation and that the defendant might be found guilty under the indictment. In various ways, by motion and exceptions, the learned counsel for the defendant raised the question that the indictment was insufficient and that the defendant could not be convicted thereunder by proving that he made the representations charged therein, and that in fact the corporation at the time did not own any real estate. The basis of such a contention is, that there is no allegation in the indictment to the effect that the representations made by the defendant, as alleged in the indictment, that the corporation owned real estate to the value of $50,000, was not in fact true, and it is now urged that there was a fatal variance between the allegations of the indictment and the proof upon the question of ownership, and that it was error for the learned county judge to instruct the jury that the defendant might be convicted under the indictment, if in fact the corporation did not own real property.

In an indictment for grand larceny by false pretenses it is necessary to allege the false pretense, to negate it and then to prove it as alleged. The allegation as to the pretense relied upon by the People must be proved as alleged. It is not sufficient to set out in an indictment that the defendant obtained money by a false pretense, but the indictment must set out the pretense and must negative the truth of the pretense as set out. It is not necessary to negative all pretenses set out in the indictment as only one need be established

in order to convict, but in all cases it is necessary to negative the one relied on for the conviction.

In the indictment at bar the defendant is charged with falsely asserting that the corporation owned real estate which was free and unincumbered. There is no allegation that the assertion that the corporation owned real estate was false. The jury was permitted to find that it was false and thereby that the defendant was guilty as charged.

In the case of *People* v. *Winner* (80 Hun, 130) the court said: " It is not necessary to negative all the pretenses set forth in the indictment. Those relied upon by the pleader, and which he expects to prove were false, must be specifically and directly negatived. It is not sufficient to charge that the defendant falsely pretended, etc., setting forth the means used, and then to aver that by the means of such false pretenses he obtained the property; but the pleader must go on as in an assignment of perjury, and falsify by specific and distinct averments such of the pretenses as he intends to prove upon the trial were used and were false. (3 Chitty's Cr. Law, 762, 999; 2 id. 163, 311; 2 Maule & Selw. 379.)" That statement of law in substance has been made in many decisions in this jurisdiction and there seems to be no doubt that it is the law of this State. (25 C. J. 626, § 60, and cases cited; *People* v. *Dumar*, 106 N. Y. 502; *Thomas* v. *People*, 34 id. 351; *Barber* v. *People*, 17 Hun, 366; *People* v. *Haynes*, 11 Wend. 557; revd. on other grounds, 14 id. 546; *People* v. *Stone*, 9 id. 182; *People* v. *Hart*, 35 Misc. 182.)

In *People* v. *Kane* (43 App. Div. 472; affd., 161 N. Y. 380) the court said: " The offense, however, must be stated, and to accomplish that end nothing is to be taken by way of intendment, as the presumption is that every man obeys the law; and when a given act is attacked, it rests upon the asserting party to distinctly negative the affirmative condition created by the presumption."

Such was the common-law rule, and it has not been changed in this respect by the Code of Criminal Procedure, which requires that the crime be stated in the indictment plainly and concisely. (*People* v. *Dumar, supra.*)

The judgment of conviction should be reversed and the indictment dismissed.

All concur, except TAYLOR, J., who dissents and votes for affirmance in a memorandum. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

TAYLOR, J. (dissenting). The indictment alleges that defendant stated that Cooper & Son Company, Inc., owned specified unincum-

bered real estate worth enough to secure all its $50,000 worth of preferred stock. In a subsequent paragraph of the indictment is an allegation that " in truth and in fact the pretenses and representations so. made as aforesaid by the said defendant to the said Anna L. Poole were then and there *in all respects* utterly false and untrue." This is a direct and definite averment that the representation that the company owned real estate (said to be unincumbered, but) worth enough to protect Miss Poole, was false. It is a substantial compliance with the well-established rule that in indictments charging larceny by means of false pretenses the representations must be both averred and negatived. The offense charged was proved by showing that the company owned no real estate when the representation was made. The allegation in a paragraph preceding the one last mentioned that " the said property * * * was heavily encumbered " may be regarded as surplusage.

The gist of the indictment is that $5,000 was obtained from complainant through a false representation that its repayment was made secure because sufficiently valuable property in the form of real estate owned by the company was behind the preferred stock. Whether this was false because the company owned no real property or because it owned real property too heavily incumbered, is unimportant. The indictment covered either situation. The defendant was fully and plainly advised as to the charge against him — by a statement of his representations and their falsity — and this is all that is necessary. (Code Crim. Proc. § 285.) Great refinement of expression is not essential.

The judgment of conviction should be affirmed.

Judgment of conviction and order reversed on the law and the indictment dismissed and sureties on defendant's bail bond exonerated.