## Burnley v. Commonwealth.

(Decided June 3, 1938.)

PETRIE & DAVIS for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The grand jury of Todd county, Kentucky, returned an indictment against appellant, charging him with the offense of obtaining property from another by false pretenses. It appears from the allegations of the indictment that the alleged offense was committed by appellant by obtaining from Bart G. Gooch and the Gooch Distributing Company a certain amount of whiskey and gave in payment therefor his check in the

sum of $2,935.75, which check was not paid, but returned by the bank upon which it was drawn marked "Insufficient Funds".

Appellant was tried and convicted and sentenced to two years in the penitentiary, and to reverse that judgment he has prosecuted this appeal, insisting upon a reversal of the judgment upon various grounds, the first of which is that the court erred in overruling the demurrer to the indictment. After alleging that defendant obtained the property unlawfully, wilfully, feloniously and by false pretenses, statements and tokens, etc., the indictment then describes how the alleged false pretense was committed in the following language:

"* * * and did deliver in payment therefor, a certain check, which the said B. S. Burnley had made out and signed and which check the said Burnley told the said Gooch was a good and valid check and would be paid on presentation and that there was sufficient funds to meet said check in the bank upon which same was drawn, and gave said check and made said representations to the said Gooch as an inducement to the said Gooch and the said Gooch Distributing Company to permit the said Burnley to take said property away with him; and that the said check although warranted as a good and valid check and that there were sufficient funds to pay same in said Bank upon which it was drawn and that same would be paid; but that said check has never been paid, nor any part of same nor has the property so taken been returned or any part thereof, and that said check was given in exchange and the payment thereof warranted, by the said Burnley, with the felonious intent to defraud the said Gooch and the said Gooch Distributing Co. and the said Gooch and the said Gooch Distributing Co. relying upon said pretenses and statements and tokens and believing said check given in payment to be good as warranted did deliver to the said Burnley said goods aforesaid."

Apparently the indictment was drawn under section 1208 of the Kentucky Statutes. But since it is admitted that a conviction may be had under the "cold check" law (section 1213a), which is a degree of the offense denounced in section 1208 (Tartar v. Commonwealth, 267 Ky. 502, 102 S. W. (2d) 971), we need not

further pursue that question, but address ourselves to a consideration of the sufficiency of the indictment.

It is to be noted that the alleged false pretense, statements and representations were made by appellant in giving the check to Gooch, and representing to him that the check was a good and valid one and would be paid on presentation and that there were sufficient funds in the bank upon which it was drawn to pay it "but that said check has never been paid".

It is seen that the indictment failed to negative the representation that there was money on deposit in the bank to pay the check, nor is it averred that said representations were false, and known by appellant to be false, at the time they were made. The indictment merely negatives the representation that the check would be paid, by alleging that it had not been paid. But, the allegation that the check had not been paid is not sufficient to constitute an offense. A check may be given in good faith by the maker and at a time when there is money on deposit in the bank on which it is drawn to pay the check, but there are many reasons why it might not be paid. The bank may fail to pay the check by oversight or mistake on its part; or the bank account of the maker of the check might be attached; or the bank might not be satisfied that the signature to the check is proper; or the bank might go into receivership before the check reaches the bank, and many other reasons too numerous to mention.

The representation that there were sufficient funds on deposit in the bank to pay the check was a material one and should have been negatived by special averment in the indictment and, it should have been averred that the representations relating to the check were false and known by appellant to be false when made. Rose's Kentucky Criminal Law, Vol. 1, page 269, section 240; J. B. Martin v. Com., 8 Ky. Op. 400; Commonwealth v. Wilson, 190 Ky. 813, 229 S. W. 60.

And in the case of Ward v. Commonwealth, 228 Ky. 468, 15 S. W. (2d) 726, there was involved the sufficiency of an indictment for uttering a worthless check and it was held that failing to allege that defendant had knowledge of insufficiency of funds rendered the indictment defective. Also, in Roberson's Kentucky Criminal Law, page 1231, section 1001, it is said:

"While it is not necessary that an indictment for obtaining money or property by false pretenses should negative all the pretenses used, it is essential that it should negative by special averment the truth of such material pretenses as the prosecution expects to prove false, and such averments for this offense should be as direct and specific as is required in indictments for false swearing or perjury. To allege that the statement was false and known by the defendant to be so is not sufficient. Thus, an indictment alleging that 'all of said representations and statements made as aforesaid were false and fraudulent and known to be false and fraudulent' by the accused when made by him, was held insufficient 'in failing to expressly negative the facts which the defendant falsely represented and pretended to exist, and by means of which he accomplished the fraud'. And so it is not sufficient to state merely that the defendant 'did unlawfully, falsely and feloniously represent and pretend' that certain things were true, or that 'said representation was false and known to be so' by the accused. If, for instance, the representation is that the accused is the owner of certain property, the indictment must charge, not only that the representation was false, but that he did not own the property at the time he made the representation, and that he knew at the time he did not own it."

It follows that the indictment was defective and the court should have sustained the demurrer thereto. It becomes unnecessary to pass upon other questions raised.

For reasons stated the judgment is reversed and remanded with directions to set it aside and sustain the demurrer to the indictment and grant appellant a new trial and for proceedings consistent with this opinion.