### CAMPFIELD, Petitioner-Appellant, v. STATE, Respondent-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4496.   Decided October 5, 1950.

Wayne S. Gerber, Columbus, for petitioner-appellant.

Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondent-appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court denying petitioner's prayer for a writ of habeas corpus.

The errors assigned to the judgment are seven but all of them may be included in one, namely, that the Court erred

in failing to hold that the sentence and judgment were void because predicated upon an indictment which charged no offense against the defendant.

The indictment in so far as is pertinent charges that the petitioner,

"unlawfully and knowingly, falsely pretend, with intent to defraud, to one C. E. Lunsford, that he, the said L. R. Campfield had installed certain wiring and fixtures in the residence of the said C. E. Lunsford and that said house was ready for electricity to be turned on therein, by which such false pretenses, the said L. R. Campfield then and there did obtain from the said C. E. Lunsford money of the value of $122.00 of the personal property of the said C. E. Lunsford, with intent then and there to cheat and defraud the said C. E. Lunsford out of the same. Whereas, in truth and in fact said house had not been properly or completely wired for electricity and the said L. R. Campfield at the time so falsely pretended as aforesaid, well knew the false pretenses were false in fact and induced the said C. E. Lunsford to part with his money."

Unless the language of the indictment that "in truth and in fact said house had not been properly and completely wired for electricity" negates the false pretense set up in the earlier part of the indictment, namely, "that said house was ready for electricity to be turned on therein," the indictment states no offense. 2nd syllabus, **Harris v. State, 125 Oh St 257.**

We are satisfied that the later language of the indictment cannot in any reasonable interpretation of its meaning negative the false pretense set up therein. If the petitioner had admitted all of the subject matter of the indictment with which he was charged it would not constitute the offense of obtaining money under false pretense or any other crime in Ohio. The petitioner may have represented that he had installed certain wiring and fixtures in the residence of the prosecuting witness and he may have done that which he represented although he may not have properly or completely wired the residence for electricity. Clearly the averment that the house had not been properly or completely wired did not negative the representation that he had installed certain wiring and fixtures. The indictment is as faulty in its effect as if no negation whatever had been attempted. Indeed it is more flagrantly defective than the indictment in Harris v. State, supra.

It is urged that although the indictment was uncertain, ambiguous and defective in substantial matters the irregularity could be corrected by a bill of particulars and that the

petitioner having failed to demand such bill could not be heard to deny the validity of the indictment.

In **State v. Collett, 44 Abs 225,** a member of this Court at page 232 and 233 quoted from 27 Am. Jur. 672:

"The office of a bill of particulars is to supply the accused and the Court additional information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense.

"It is designed to be used only where the indictment is sufficient on demurrer, * * *."

We cite a number of cases all of which disclose that a bill of particulars does not serve the office of providing an essential element of the crime charged. The indictment itself must charge an offense. We conclude in the second syllabus of State v. Collett,

"The bill of particulars * * *, contemplates something over and above the mere essentials of the averments necessary to state an offense and something further and more specific than is set forth in the forms of indictments prescribed by the statute."

The infirmity in the indictment here is not that it is uncertain, vague and irregular but that it states no offense.

We are cognizant of the nice distinction which is sometimes made between an act which does not constitute any offense known to the law and the determination by a court of general jurisdiction whether or not particular acts constitute a specific offense. This distinction is too nice to be given application here.

**State v. Whitmore** and **State v. McNary, et al., 126 Oh St 381,** are cited and particular language of Judge Stephenson in the opinion wherein he said, in substance, that an indictment which was insufficient to constitute an offense could be cured by demanding a bill of particulars wherein was set forth the facts which would constitute an offense. This language of the opinion is clearly obiter because the judgment was predicated upon the determination that the indictments under consideration did charge offenses, therefore, the bills of particulars were not required to accomplish that purpose.

In the Harris case, supra, the indictment was tested by an appeal from the judgment but Judge Jones writing the opinion said:

"One of the vital and material elements identifying and characterizing the crime has been omitted from the indictment and that such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on

an indictment essentially different from that found by the grand jury."

The court not only reversed the judgment but ordered the defendant discharged.

Situations analogous to that presented here were held to support the issuance of the writ of habeas corpus in **State, ex rel. Bailey v. Henderson, Warden, 76 Oh Ap 547,** and **In re Moreno, 83 Oh Ap 54.**

The errors assigned are well made. The judgment will be reversed and the writ allowed.

MILLER, PJ, WISEMAN, J, concur.