STATE OF MAINE
*vs.*
RAOUL J. BINETTE

York.    Opinion, May 17, 1963.

*John J. Harvey, County Attorney,* for Plaintiff.

*Charles W. Smith,* for Defendant.

SITTING: WEBBER,  TAPLEY, SIDDALL, JJ.  WILLIAMSON, C. J., and SULLIVAN, J., dissenting.  DUBORD, J., sat at argument, but retired before rendition of decision.

WEBBER, J.    On exceptions.  A demurrer to an indictment was overruled by the justice below.  The indictment, intended to charge the crime of cheating by false pretenses (omitting the formal portions thereof), employs the following language:

> "(The respondent) did falsely pretend to one, Lucien M. Bourque, that he, the said Raoul J. Binette, the duly elected and qualified City Clerk of the City of Biddeford, Maine, for the year 1960, had, through the color of his office, been one of the persons who had worked very hard to get the new Biddeford High School project started, and that he would like to have something to compensate him for the work that he *and others* had done for

him with reference to the school project, in his said capacity, as aforesaid, and that he should have and receive moneys as a donation for the Democratic Party; whereas, in truth and in fact, the said Raoul J. Binette, in his said capacity as City Clerk of the City of Biddeford, Maine, by virtue of his office or otherwise, did not, in any respect, do anything to aid or assist the said Lucien M. Bourque with reference to the school project, nor did he perform any services with reference to any of the Committees in charge of building the new High School to entitle him to be compensated for the work that he *and others* had done for him, the said Lucien M. Bourque, to obtain any work for site preparation in preparing the ground for the new Biddeford High School, all of which the said Raoul J. Binette, then and there, well knew; * * * ." (Emphasis ours.)

There follow the requisite allegations of belief and reliance by the complainant and his subsequent payment of money. Only the sufficiency of the above-quoted portion of the indictment is in issue here.

We are satisfied that the indictment fails to charge the crime of cheating by false pretenses. Since the ordinary affairs of business involve so many instances of difference of opinion, or the understandable over-appraisal of the value of one's own efforts or the desirability of one's own product, our court has wisely imposed rather strict requirements as to both pleading and proof whenever false pretenses are charged. To do otherwise might open a veritable Pandora's box of both civil and criminal cases which, though devoid of merit, would clutter the dockets of our several courts. One who prosecutes a meritorious claim of cheating by false pretenses experiences no great difficulty in setting forth understandably and with reasonable precision the false pretenses of fact relied upon and the negation thereof.

The indictment here fails to meet the test. In the first place we are dealing with the solicitation of political contributions, an activity not infrequently accompanied by some form of political puffing. We are not convinced that the vague and indefinite inducements to make such a contribution in the instant case were capable of deceiving or defrauding anyone. It is apparent that the first portion of the recital of alleged false pretenses charging that the respondent "had, through the color of his office, been one of the persons who had worked very hard to get the new Biddeford High School project started" is nowhere negated. This leaves only that portion which relates to "the work that he *and others* had done for him with reference to the school project." (Emphasis supplied.) This language partakes more of innuendo than direct allegation, but in any event too many questions remain unanswered. What was meant by "work" as used in this context? Is the "work" referred to the same "work" previously described as being involved in getting the project started? If so, there is no denial that some such "work" was done. In the opinion of the speaker, efforts to get the project started initially might ultimately have accrued to the benefit of the complainant since he did obtain a contract. The word "work" itself in this context, otherwise undefined, is more an expression of opinion than of fact. Conceivably one situated as was the respondent might consider even the most trifling effort to speak a good word for the complainant as political "work" as that word is frequently used in political circles. It is important to note that the pretense alleged is that the "work" had been done by the respondent *"and others."* For aught that appears it may have been what these "others" did that induced the complainant to make a political contribution. *It is nowhere denied that "others" did "work" for the complainant with reference to the school project.* We cannot over-emphasize the necessity of requiring a precise and unambiguous recital of *facts*

falsely pretended to be true and an equally precise negation of the truth of those *facts*. The law may reasonably require that persons making party contributions in lively anticipation of future favors recognize and disregard all forms of political puffing.

The entry will be

*Exceptions sustained.*

SULLIVAN, J. (DISSENTING)

By indictment the respondent has been accused of the crime of cheating by false pretenses. R. S. (1954), c. 133, § 11. He demurred to the indictment. The trial justice overruled the demurrer. Respondent excepts to that ruling.

The indictment in presently essential text reads as follows: (partition of clauses, ours)

" - - - - that Raoul J. Binette - - - feloniously designedly and with an intent to defraud, did falsely pretend to one LUCIEN M. BOURQUE, that he, the said Raoul J. Binette, - - - Clerk of the City - - - had through the color of his office, been one of the persons who had worked very hard to get the new Biddeford High School project started,

and

that he would like to have something to compensate him for the work that he and others had done for him with reference to the school project, in his said capacity, - - - - - and

that he should have and receive moneys as a donation for the Democratic Party;

whereas in truth and in fact,

the said Raoul Binette, in his said capacity as City Clerk - - - by virtue of his office or otherwise, did not in any respect, do anything to aid or assist the

said Lucien M. Bourque with reference to the school project,

nor did he perform any services with reference to any of the Committees in charge of building the new High School to entitle him to be compensated for the work that he and others had done for him, the said Lucien M. Bourque, to obtain any work for the site preparation in preparing the ground for the new Biddeford High School,
all of which the said Raoul J. Binette, then and there, well knew,

which said false pretenses were believed to be true, and relied upon by the said Lucien M. Bourque,

and

he was thereby deceived and induced to pay over and deliver and did, then and there, pay over and deliver to the said Raoul J. Binette, the following sums of money, - - - - - and the said Raoul J. Binette, thereby solely and by means of said false pretenses, as aforementioned, did, then and there, feloniously, designedly and with the intent to defraud, obtain from the said Lucien M. Bourque, at the various times, dates and in the amounts, as aforementioned, a sum of money - - - of the property of said Lucien M. Bourque - - - "

R. S., c. 133, § 11, as pertinent here, is as follows:

"Whoever, designedly, and by any false pretence or privy or false token and with intent to defraud, obtains from another any money, goods or other property, - - - - - is guilty of cheating by false pretences and shall be punished - - - - "

The indictment inceptively narrates that the respondent falsely pretended to Lucien M. Bourque that the respondent:

" - - - had - - - been one of the persons who had worked very hard to get the new Biddeford High School project (planned undertaking) started."

Nevertheless the indictment fails to negate directly and specifically and as false, the foregoing "pretense." The imputation is thus unendowed with the properties of a legal incrimination and is legally annulled. *Rex* v. *Perrott,* 2 Maule & Selwyn, 379; *Pattee* v. *State,* 109 Ind. 545, 10 N. E. 421, 422; *Burnley* v. *Commonwealth* (Ky.), 117 S. W. (2nd) 1008; *People* v. *Cooper,* 229 N. Y. S. 748, 750; *Campfield* v. *State* (Ohio), 103 N. E. (2nd) 661; Wharton's Criminal Law, 12th ed., Vol. 2, § 1493, P. 1765; 35 C. J. S., *False Pretenses,* § 42, c, P. 874; Beale, Criminal Pleading & Practice, § 196, P. 214.

The indictment charges the respondent with having falsely pretended to Bourque as a fact that work had been done by the respondent and others for Bourque with reference to the school project. This latter representation so attributed to the respondent the indictment does specifically and directly assert to be false:

"- - - - in truth and in fact, the said Raoul Binette - - - did not in any respect, do anything to aid or assist the said Lucien M. Bourque with reference to the school project - - - - "

The indictment by this stated pretense of work done by the respondent for Bourque with reference to the school project, by the direct negation of the truth of such pretense and by those allegations leveled after the clause, "all of which the said Raoul J. Binette, then and there well knew," etc., present in passing clarity and in legal sufficiency and with adequate protection against double jeopardy an accusation that the respondent had violated the statute prescribing cheating by false pretenses.

"- - - - a single false pretense properly alleged in the indictment, and proved as laid, is sufficient to warrant a conviction - - - " *Com.* v. *Morrill,* 8 Cush. 571, 574.

The respondent assails the validity of the indictment in that it avers that Binette's solicitation of money was made upon behalf of the political party and not for his own pecuniary benefit and because the indictment neither represents nor indicates that Binette became personally enriched. Respondent's contention is to no purpose or avail. The gravamen of the offense imputed would be unaffected by proof that the respondent or the political party was the actual beneficiary. *Commonwealth* v. *Harley,* 7 Met. 462, 466; *Commonwealth* v. *Langley,* 169 Mass. 89, 95, 47 N. E. 511; 35 C. J. S., *False Pretenses,* § 25. I would overrule the exceptions.

Williamson, C. J., joins in this opinion.