■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY TEPLITZ, Appellant.— HERLIHY, J. Appeal by the defendant from a judgment of conviction on four counts of larceny after a jury trial. The counts in the indictment charge violation of sections 1290 and 1294 of the Penal Law on the theory that the defendant took the complainants' property with the intent to deprive them of the said property. The record establishes a claim to title of the property by the defendant. The defendant's claim to title is

evidenced by a chattel mortgage given by the complainants to a bank, which mortgage went into default, and thereafter with the complainants' consent was assigned to the defendant, and which conveyed substantially all of the property alleged to have been taken from the complainants by the defendant and under the terms of the mortgage, notice of sale was waived. In the course of the trial several other documents were offered, all of which purported to convey title to some or all of the property, which is the subject of the larceny. However, the complainants denied execution of these latter documents. It further appears on the People's case that on various occasions the defendant came to the complainants' farm and took the cattle and machinery, in most instances with the consent of the complainants. Although it is contended that it was not understood that all of the property was to be sold, under the circumstances this is of little probative value in this criminal action as the indictment did not charge larceny by false pretense and timely objection was taken to any testimony sought to establish such false pretense. (See *People* v. *Cooper*, 224 App. Div. 145.) Where the defendant had some legal basis for claiming title (chattel mortgage in default) to the property, such as here, the issue of intent to deprive the alleged owners thereof is a *non sequitur* and the indictment should have been dismissed at the close of the People's case. (See *Parshall* v. *Eggert*, 54 N. Y. 18, 23; *Harrison* v. *Hall*, 239 N. Y. 51; *National City Bank of N. Y.* v. *Schinasi*, 24 Misc 2d 444; *People* v. *Scudder*, 177 App. Div. 225, 230; *People* v. *Mello*, 285 App. Div. 1067; *People* v. *Elhage*, 14 A D 2d 986; see, also, 8 N. Y. Jur., Chattel Mortgages, § 136.) The record is replete with testimony which might be of consequence in a civil action for an accounting or other proceedings and ordinarily the criminal law should not be resorted to as a collection agency for civil remedies. Judgment reversed, on the law and the facts, and indictment dismissed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.